# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 21, 2010 Session

## MATTIE M. LINDSEY, ET AL. v. MARK LAMBERT, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
#### No. CT-004874-07    Donna Fields, Judge

### No. W2009-01586-COA-R3-CV - Filed May 18, 2010

This appeal arises out of a lawsuit filed against the attorneys and insurance company involved in the settlement of a personal injury claim. The trial court dismissed the claims of the plaintiffs/appellants, Mattie and Edmond Lindsey, for failure to state a claim upon which relief could be granted. The Lindseys did not appeal the original dismissal of their claims but instead moved to set aside the court's judgment nearly one year later. The trial court declined to set aside its judgment and granted a motion for sanctions against the Lindseys. We affirm the trial court's denial of the Lindseys' motion to set aside, vacate its award of sanctions, and remand for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part, Vacated in part, and Remanded

DAVID R. FARMER, delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Mattie M. Lindsey, *Pro Se*.

Edmond L. Lindsey, *Pro Se.*

R. Campbell Hillyer, Memphis, Tennessee, for the appellee, Mark Lambert.

C. Michael Becker, Germantown, Tennessee, for the appellees, Gary Wilkinson and Russell Rutledge.

Christopher L. Vescovo and Edd L. Peyton, Memphis Tennessee, for the Appellee, State Farm Insurance Company.

# OPINION

Mattie Lindsey was the plaintiff in a personal injury case following an automobile accident in 1990. Ms. Lindsey initially filed suit against the alleged at-fault driver in 1991.[1] Although she retained the services of multiple attorneys in the prosecution of the matter, Ms. Lindsey's claim for damages remained unresolved for many years. In 2006, Ms. Lindsey hired attorney Mark Lambert to litigate the case. Shortly thereafter, Ms. Lindsey reached a settlement agreement with the defendant during court-ordered mediation, and the parties entered into a consent order dismissing her claim.

In 2007, Ms. Lindsey, along with her husband, filed this *pro se* lawsuit alleging a conspiracy between the attorneys and insurance company involved in the settlement of her claim. The complaint and amended complaint asserted, *inter alia*, that the defendants/appellees wrongfully conspired to manufacture false documents, conceal Ms. Lindsey's medical records, violate her civil rights, and frustrate her constitutional right to trial by jury. The Lindseys requested relief in the amount of $155,000,000 in compensatory and punitive damages.

The defendants responded with individual motions to dismiss for failure to state a claim, which the trial court ultimately granted in separate orders. The Lindseys did not appeal the dismissal of their claims; instead, they filed a motion to set aside the court's judgment nearly one year later.[2] The appellees uniformly opposed the motion and Gary Wilkinson and Russell Rutledge, counsel for the defendant in the personal injury case, responded with a motion for sanctions arguing that the Lindseys' motion to set aside was entirely without any basis in law or fact.[3] The trial court determined after a fairly lengthy hearing that the Lindseys' motion to set aside should be denied. The court further concluded that sanctions pursuant to Rule 11.03 of the Tennessee Rules of Civil Procedure were appropriate and ordered the Lindseys to pay $1,000 into the court. The Lindseys appealed.

The parties collectively present the following issues, as we perceive them, for our review: (1) whether the trial court abused its discretion when it denied the Lindseys' motion to set aside its prior orders of dismissal; (2) whether the trial court's imposition of sanctions

---

[1]The parties' papers suggest that the claim was dismissed and re-filed on at least one occasion.

[2]The Lindseys first filed a motion to set aside almost one year following the dismissal of their claims and later filed a corrected motion to set aside. For the purposes of this appeal, we will refer to the motions collectively as the Lindseys' "motion to set aside."

[3]The record reflects that the Lindseys received twenty-one days notice and opportunity to respond prior to the filing of the motion for sanctions.

complied with Rule 11.03 of the Tennessee Rules of Civil Procedure; (3) whether the Lindseys filed a frivolous appeal. The Lindseys raise additional issues related to the original settlement agreement and the original dismissal of their complaint for failure to state a claim. These issues, however, are not properly before this Court because they were resolved in final judgments that were not appealed within the time limit prescribed by the procedural rules, *see* Tenn. R. App. P. 4(a), and the appellants have not demonstrated a right to relief from either final judgment.[4]

The Lindseys first submit that the trial court erred when it denied their motion to set aside the prior orders of the court.[5] Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02.

Rule 60.02 "provides an exceptional remedy that enables parties to obtain relief from a final judgment." *Delong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citing *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Hungerford v. State*, 149

---

[4]We specifically note that the appellants' request for rescission pursuant to Tennessee Code Annotated section 29-34-102, which was included in their "amended complaint," was either resolved by the trial court in the original dismissal of their claims or was not before the trial court if, as the appellants argue, the amended complaint was stricken. In either event, the issue is not properly before this Court on appeal of the trial court's denial of their motion to set aside, nor is any alleged error in the trial court's characterization of or alleged decision to strike the "amended complaint."

[5]The Lindseys raise as a separate issue whether the trial court erred when it allegedly failed to rule upon their motion to enter a forensic report into the record. We will consider this question within the broader analysis of their motion to set aside.

S.W.3d 72, 76 (Tenn. Ct. App. 2003)).  The rule "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990).  "Because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).  Rule 60.02 is not intended to provide parties with an opportunity merely to relitigate arguments presented to and rejected by a trial court:

> Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order. *Nor is the rule a mechanism for use by a party who is merely dissatisfied with the result of a particular case.*

*Id.* (emphasis added).  Instead, the relief provided in Rule 60.02 applies "only in those few cases that meet one or more of the criteria stated." *Id.*

The burden to demonstrate a basis for relief under Rule 60.02 is on the movant. *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991) (citing *Brumlow v. Brumlow*, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985)).  "The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." *Delong*, 186 S.W.3d at 511 (citing *Johnson v. Johnson*, 37 S.W.3d 892, 895 n.2 (Tenn. 2001)).  Even if grounds for relief are proven, the trial court may refuse in its discretion to set aside a judgment. *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423 (Tenn. Ct. App. 1983) (citing Tenn. R. Civ. P. 60.02).  A failure to persuade the trial court to exercise its discretion in favor of granting relief is difficult to overcome:  "In practical effect, a trial court's determination of whether to grant relief pursuant to Rule 60.02 is virtually conclusive." Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* §12-3[d], at 12-56 (3d ed. 2009) (footnote omitted).

This Court will overturn a trial court's decision to grant or deny relief under Rule 60.02 only if the court has abused its discretion. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003) (citing *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn.1993)).  "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Thompson v. Chafetz*, 164 S.W.3d 571, 574 (Tenn. Ct. App. 2004) (citing *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)).  The abuse of discretion standard does not allow this Court to substitute the panel's judgment for the judgment of the trial court. *Henry*, 104 S.W.3d at 479 (citation omitted).  We will uphold the decision of a trial court so long as reasonable minds can disagree about its correctness,

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001), and will set aside the court's decision only if the court has applied an incorrect legal standard or has reached an illogical or unreasoned decision that causes an injustice to the complaining party, *Pegues v. Ill. Cent. R.R. Co.*, 288 S.W.3d 350, 353 (Tenn. Ct. App. 2008) (citing *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004)).

On appeal, the Lindseys have failed to set forth an adequate legal argument explaining how the trial court abused its discretion when it declined to set aside its prior judgment. The Lindseys' motion to set aside essentially reproduced the arguments raised prior to the original dismissal of their claims, which they attempted to support with a newly produced forensic report concluding that Ms. Lindsey did not sign the contract with her attorney in the personal injury case.[6] Upon review, the trial court concluded that the motion to set aside was not well-taken. To the extent we are able to decipher their brief, we are unable to conclude that the Lindseys have demonstrated any abuse of discretion in the trial court's decision. We find no mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, other misconduct of an adverse party, or any other reason that would justify relief from the dismissal of their claims.[7] We further disagree with the contention that the trial court did not address the Lindseys' motion to present their forensic report and fail to see how the findings contained therein would entitle them to relief. Having reviewed the record and the arguments of counsel, we conclude that the trial court did not abuse its discretion when it denied the Lindseys' motion to set aside. The trial court's decision is affirmed.

The Lindseys next submit that the trial court erred when it imposed Rule 11 sanctions. Rule 11.02 of the Tennessee Rules of Civil Procedure provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

---

[6] It is not at all clear why this evidence could not have been produced prior to the original dismissal of the Lindseys' claims.

[7] The Lindseys' motion is best characterized as relying on subsections (1), (2), and (5) of Rule 60.02. We acknowledge that courts apply different standards when determining whether a movant has demonstrated a right to relief under the various subsections but conclude that recounting these distinctions is unnecessary in the present appeal. The Lindseys' argument that the trial court abused its discretion is entirely without merit as to each of these grounds.

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02.

A violation of Rule 11.02 is sanctionable if the party, attorney, or law firm to be sanctioned does not withdraw or correct the offending filing, document, or representation after receiving notice and a reasonable opportunity to respond. Tenn. R. Civ. P. 11.03. Although the imposition of Rule 11 sanctions is reviewed for an abuse of discretion, *Krug v. Krug*, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992) (citations omitted), a court imposing sanctions must describe the conduct it determines violates Rule 11.02 and explain the basis for any sanction it imposes. Tenn. R. Civ. P. 11.03(3). This directive is mandatory; failure to describe the conduct determined to constitute a violation or to explain the basis for the sanction imposed is grounds for reversal. *E.g., Elliott v. Akey*, No. E2004-01478-COA-R3-CV, 2005 WL 975510, at *4-5 (Tenn. Ct. App. Apr. 27, 2005); *McGahey v. McGahey*, No. W2003-01051-COA-R3-CV, 2003 WL 22272350, at *6 (Tenn. Ct. App. Oct. 1. 2003). But failure to adhere to the mandates of Rule 11.03(3) does not require reversal; an appellate court may exercise its authority to vacate sanctions and remand for reconsideration when appropriate. *See* Tenn. R. App. P. 36(a) (recognizing the broad authority of appellate courts to grant any relief to which a party is entitled). Our review of the record reveals that the trial court's order does not explain the basis for the sanctions imposed against the appellants.[8] We nevertheless conclude that reversal is not warranted under the facts. We accordingly vacate the imposition of Rule 11 sanctions and remand for further consideration consistent with this opinion.

As a final matter, we address the request of appellees Gary Wilkinson and Russell Rutledge for an award of attorney's fees and costs incurred as a result of this appeal. Tennessee Code Annotated section 27-1-122 provides for damages incurred in response to a frivolous appeal:

---

[8]Although the Lindseys do not specifically address the failure to comply with Rule 11.03(3) serving as the basis for our decision to vacate, we find good cause to consider the question within their broader argument on the impropriety of Rule 11 sanctions.

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000). An appeal is "frivolous" if it is devoid of merit or has no reasonable chance of success. *Robinson v. Currey*, 153 S.W.3d 32, 42 (Tenn. Ct. App. 2004) (citing *Indus. Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In light of our decision to vacate the trial court's order on sanctions, we conclude that this is not a frivolous appeal.

## Conclusion

For the foregoing reasons, we affirm the denial of the Lindseys' motion to set aside, vacate the imposition of sanctions, find the appeal is not frivolous, and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellants, Mattie M. Lindsey and Edmond L. Lindsey, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE