IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 24, 2010 Session

# RICHARD A. WILLETTE, JR. v. CARROLL G. HULSE ET AL.

**Appeal from the Circuit Court for Rutherford County**
**No. 57730      Royce Taylor, Judge**

**No. M2009-01479-COA-R3-CV - Filed October 6, 2010**

This action arises out of a vehicular accident in which the plaintiff sustained serious personal injury. A complaint was filed on behalf of the pro se plaintiff; however, the complaint was not signed by the plaintiff or a licensed attorney as required by Tenn. R. Civ. P. 11.01. The plaintiff subsequently retained counsel, but the plaintiff's attorney failed to make a written appearance until months later. Moreover, neither the attorney nor the plaintiff signed the complaint to cure the signature deficiency until after the case was dismissed and the statute of limitations had run. The plaintiff then filed a Rule 60.02 Motion for Relief from Judgment or Order based on Excusable Neglect. That motion was denied and this appeal followed. We have determined that the trial court did not abuse its discretion in denying the plaintiff's Rule 60.02 motion; therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Aubrey T. Givens and Brenda G. Benson, Nashville, Tennessee, for the appellant, Richard A. Willette, Jr.

Steven G. Fuller, Nashville, Tennessee, for the appellees, Carroll G. Hulse and Cynthia Hulse.

**OPINION**

This matter comes before the Court on appeal from a denial of a Rule 60.02 Motion for Relief From Judgment or Order based on Excusable Neglect. At issue is whether the trial court abused its discretion in denying the motion.

On September 3, 2007, Richard A. Willette, Jr. and his wife, Tammie Willette, were on Richard's motorcycle traveling westbound on Highway 321 in Maryville, Tennessee. They were riding directly behind the defendants, Carroll G. Hulse and his wife, Cynthia Hulse, who were transporting a fiberglass shower in the bed of their pickup truck. The shower, which was held down by ratchet straps that were not properly secured, fell out of the truck and landed directly in the path of the motorcycle. Unable to avoid it, the motorcycle collided with the shower, which caused Mr. Willette to lose control of the motorcycle and crash. Mr. and Mrs. Willette each sustained injuries but Mr. Willette's injuries were much more severe. Due to the severity of his injuries, Mr. Willette was transported to the University of Tennessee Medical Center.[1]

On the anniversary of the accident, September 3, 2008, a pro se complaint was filed on behalf of Richard Willette against Carroll and Cynthia Hulse (Defendants) in the Rutherford County Circuit Court by his wife, Tammie Willette. Mrs. Willette was not identified as a plaintiff; the only plaintiff was Richard Willette (Plaintiff). However, Plaintiff did not sign the complaint. Instead, Mrs. Willette, who is not a licensed attorney, signed the complaint on his behalf. The signature on the complaint reads: "Sign [sic] by Wife Tammie J. Willette."

Months later, Plaintiff retained Kathleen M. Kirt, a licensed attorney, to represent him in this action and it is undisputed that Ms. Kirt contacted the attorney for the defendants, Steven Fuller, by phone in January 2009 regarding this matter; however, the attorneys' recollections of the discussion differ. Ms. Kirt states that she informed Mr. Fuller that she *would* be representing Plaintiff; by contrast, Mr. Fuller states that Ms. Kirt informed him that she *might* be representing Plaintiff. Mr. Fuller also states that he informed Ms. Kirt that Plaintiff failed to sign the complaint and that he requested that she file a Notice of Appearance if she decided to represent Plaintiff; Ms. Kirt disputes both of these statements.

Soon thereafter, and before making an appearance or taking any action on behalf of Plaintiff, Ms. Kirt succumbed to a protracted illness which kept her away from her office for months, until March 2009.

On February 18, 2009, five months after the complaint was filed, Defendants filed a Motion to Dismiss by Limited Special Appearance. Two issues were raised in the Motion to Dismiss. One was that the complaint did not contain the signature of the plaintiff or a licensed attorney as required by Tenn. R. Civ. P. 11.01. The other issue raised was the defense of improper venue. Defendants contended that Blount County was the proper venue,

---

[1]Because her injuries were not as severe, Mrs. Willette was transported to Blount Memorial Hospital in Maryville, Tennessee. Mrs. Willette did not file a complaint; thus, she is not a party to this action.

not Rutherford County. The certificate of service stated that a copy of the motion to dismiss was mailed to the home of Plaintiff by certified mail. Plaintiff, however, asserts that he did not receive the motion.

The motion came on for hearing on March 6, 2009. Mr. Fuller appeared at the hearing on behalf of Defendants, but neither Plaintiff nor Ms. Kirt appeared. At the hearing on the motion to dismiss, the trial judge granted the motion and, acting pursuant to Rule 8.02(A) of the Local Rules of Practice of the 16th Judicial Circuit,[2] directed Mr. Fuller to mail a copy of the proposed order of dismissal to Plaintiff and to lodge the proposed order of dismissal with the court clerk. As directed, Mr. Fuller mailed the proposed order to Plaintiff at his residence. Plaintiff received it on March 7, 2009, and brought it to the attention of his attorney, Ms. Kirt, on March 9, 2009, the same day the proposed order was lodged with the court clerk.

Local Rule 8.02(A) also provides that proposed orders shall be "lodged with the Clerk for five judicial days to afford opposing counsel an opportunity to object. Absent an objection, upon presentation by the Clerk to the Judge, the order will be entered." The proposed order was lodged with the clerk on March 9, 2009. The order was signed on March 13, 2009. Because no objection to the order was made, it was entered on the minutes on March 16, 2009.

The same day the order was entered, Ms. Kirt filed a motion to set aside the order of dismissal pursuant to Tenn. R. Civ. P. 60.01 and 60.02. She asserted that the delay in curing the signature deficiency was due to her illness, which constituted excusable neglect. She also asserted that her neglect was excused by the fact that her paralegal had also missed work because of illness. In addition, she alleged that the order of dismissal was entered before she was given the five day period to respond required by Rule 8.02. *See* 16th Judicial Circuit Rule 8.02.

---

[2]Rule 8.02(A) states:

(A) In all civil cases, unless otherwise directed, within ten days after the Judge announces a decision, the attorney for the prevailing litigant (or the pro se litigant) shall submit to the Clerk an order containing the ruling of the Court. Prevailing counsel (or pro se party) shall serve a copy on opposing counsel (or pro se litigant). Such orders shall be lodged with the Clerk for five judicial days to afford opposing counsel an opportunity to object. Absent an objection, upon presentation by the Clerk to the Judge, the order will be entered. Civil orders submitted must be entered in accordance with the provisions of Rule 58 of the Tennessee Rules of Civil Procedure. Where an order is lodged which is signed by all parties or their counsel, the Court will enter such order upon presentation, without the necessity for holding such order for five Judicial days.

Plaintiff's Rule 60 motion was set for hearing on May 1, 2009. The day before the hearing, Ms. Kirt attempted to strike her motion; however, the clerk's office had not received the notice and neither Ms. Kirt nor Plaintiff appeared for the May 1 hearing. Accordingly, the trial judge proceeded to hear the motion at which time defense counsel argued that Ms. Kirt's neglect was not excusable because she was, in fact, able to communicate with him in January and could have filed a Notice of Appearance at that time so that she would have received a copy of the motion to dismiss, but did not. He also argued that because the complaint did not have an appropriate signature, the statute of limitations for personal injuries was never tolled. The trial judge agreed and directed Mr. Fuller to prepare an order denying Ms. Kirt's Rule 60 motion.

In the meantime, Plaintiff retained new attorneys to replace Ms. Kirt. On May 28, 2009, Plaintiff's new attorneys, Aubrey T. Givens and Brenda G. Benson,[3] filed a motion seeking multiple relief: (1) to set aside the Order of Dismissal; (2) to allow Plaintiff or his attorneys to sign the complaint; and (3) to transfer the case to the proper venue, Blount County. At the hearing, Plaintiff's attorneys argued that the Order of Dismissal should be set aside pursuant to Rule 60.02 because any delay in Plaintiff's attempt to cure the complaint was caused by the fact that Mr. Fuller did not send copies of the Motion to Dismiss or the Order of Dismissal to Ms. Kirt; that despite the certificate of service by certified mail, Plaintiff did not receive notice of the Motion to Dismiss until after the order was lodged; and lastly, because Ms. Kirt and her paralegal were ill during this time.

The trial court denied the motion, finding that "Plaintiff failed to promptly cure a signature deficiency under Rule 11 of the Tennessee Rules of Civil Procedure on the original Complaint where the Plaintiff's wife, Tammie Willette, a non-lawyer and non-party, signed the original Complaint, thereby failing to toll the statute of limitations." Following the hearing, the trial judge allowed Plaintiff and his attorneys to sign the complaint. The final order denying Plaintiff's Rule 60 Motion was entered June 15, 2009. This appeal followed.

**STANDARD OF REVIEW**

The plaintiff seeks relief from a Judgment or Order based on Mistake, Inadvertence, Excusable Neglect, or Fraud under Tennessee Rule of Civil Procedure 60.02. A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge, and the scope of review of an appellate court is to determine if that discretion was abused. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). Thus, the trial court's

---

[3]The new attorneys, Aubrey T. Givens and Brenda G. Benson, made a written appearance and were properly substituted as attorneys of record.

decision to deny relief under Rule 60.02 is reviewed under an abuse of discretion standard. *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996).

We will set aside a discretionary decision only where the trial court has misidentified, misconstrued, or misapplied the controlling legal principles, or the decision is contrary to the substantial weight of the evidence. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999). This Court will "not substitute our judgment for that of the trial court merely because we might have chosen another alternative." *State ex. rel Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). Put another way, "'[i]n practical effect, a trial court's decision of whether to grant relief pursuant to Rule 60.02 is virtually conclusive.'" *Lindsey v. Lambert*, No. W2009-01586-COA-R3-CV, 2010 WL 1980197, at *2, (Tenn. Ct. App. May 18, 2010) (perm. app. denied May 20, 2010) (citing Robert Banks Jr., & June Entman, TENNESSEE CIVIL PROCEDURE, §12-3(d), at 12-56 (3rd ed. 2009)).

## ANALYSIS

Plaintiff argues that the trial court abused its discretion by denying his Rule 60.02 Motion for Relief From Judgments or Orders due to Excusable Neglect. As we understand it, Plaintiff is alleging that he was entitled to Rule 60 relief because it was the "excusable neglect" of his attorney, Ms. Kirt, that caused his delay in correcting the signature deficiency in his complaint which ultimately led to the dismissal of his case.

A party seeking Rule 60 relief bears a heavy burden. This is because Rule 60 provides an "exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *see also Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). Its function is "to strike a proper balance between the competing principles of finality and justice." *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976). It is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). A Rule 60.02 motion should not be granted in cases where the movant is "merely dissatisfied with the results of his case." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991). It is only appropriate in cases that meet one or more of the criteria stated in the rule. *Id.* Even when grounds for relief are present, the trial court may exercise its discretion to deny Rule 60 relief. *See Barb v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 423-24 (Tenn. Ct. App. 1983).

The trial court found that Plaintiff was not entitled to Rule 60 relief because he "failed to promptly cure a signature deficiency under Rule 11of the Tennessee Rules of Civil Procedure on the original Complaint where the Plaintiff's wife, Tammie Willette, a non-lawyer and non-party, signed the original Complaint, thereby failing to toll the statute of

limitations." Rule 11.01 provides, "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." The meaning of "promptly" is not set forth in the Rule; however, 37 days has been held to be "not prompt," *Old Hickory Mfg. Corp. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996), as has 45 days. *Doyle Shirt Mfg. Corp. v. O'Mara*, No.01-A-01-9711CH00670, 1999 WL 187160, at *3 (Tenn. Ct. App. Apr. 7, 1999) (perm. app. denied Oct. 4, 1999).

The trial court did not agree that Plaintiff's prolonged delay in curing his complaint was attributable to "excusable neglect." Tenn. R. Civ. P. 60.02. The record shows that Plaintiff filed a deficient complaint, and did not cure the deficiency until approximately nine months after the statute of limitations had run. It is undisputed that Defendants properly filed a motion to dismiss based on the signature deficiency and that a copy of that motion was sent to Plaintiff by certified mail approximately four months before the deficiency was cured, far beyond the respective times held untimely in *Old Hickory* and *O'Mara*. *See Old Hickory*, 937 S.W.3d at 786; *O'Mara*, 1999 WL 187160, at *3.

It is undisputed that Ms. Kirt did not file a Notice of Appearance when she began representation of Plaintiff, and in fact, she took no action on this case until more than two months after she was apparently retained as counsel.[4] Although Ms. Kirt was out of her office for an extended period due to illness, Mr. Fuller insists he informed her of the deficiency in the complaint before she became sick. Further, it is undisputed that Plaintiff and Ms. Kirt had formal written notice of the deficiency seven and five days, respectively, while the proposed order of dismissal was lodged and they did not object to the opposed order until after it was entered on the minutes. Moreover, Plaintiff did not request leave to cure the signature defect until more than two months later, after he had retained new attorneys.

On appeal the burden is upon Plaintiff to demonstrate not just why he should have received Rule 60 relief in the trial court, but also why the trial court's denial of Rule 60 relief constituted an abuse of discretion. *See Lindsey*, 2010 WL 1980197, at *3. We have concluded he failed to carry his burden in either respect. It is apparent from the record that the trial court weighed the relevant facts and legal principles and exercised its discretion to deny Plaintiff the "exceptional remedy" found in Rule 60.02. *Nails*, 834 S.W.2d at 294. Having reviewed the record in detail, we find that the trial court did not misapply,

---

[4]Although we sympathize with Ms. Kirt and understand that her illness was beyond her control, we also believe she had an obligation to inform her client that she was unable to represent him when she fell ill. *See* Tenn. Rules of Prof'l Conduct R. 1.16 ("[A] lawyer . . . shall withdraw from the representation if: . . . (2) the lawyer's physical . . . condition materially impairs the lawyer's ability to represent the client.").

misconstrue, or misidentify the controlling legal principles, and its decision was not contrary to the substantial weight of the evidence. *See White*, 21 S.W.3d at 223. Accordingly, we affirm the trial court's decision to deny Plaintiff Rule 60 relief.

## CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Richard A. Willette, Jr.


_____
FRANK G. CLEMENT, JR., JUDGE