IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 19, 2012 Session

IN RE THE MATTER OF CHEETAH LOUNGE, INC., DBA
"THE CHEETAH LOUNGE" ET AL. V. SARASOTA COUNTY

Appeal from the Chancery Court for Hamilton County
No. 2011-IDA-1      W. Frank Brown, III, Chancellor

No. E2011-02027-COA-R3-CV-FILED-MAY 31, 2012

After a subpoena duces tecum was served on Chattanooga attorney Scott D. Bergthold ("the Attorney") requiring him to appear for a deposition in Hamilton County and to produce documents regarding ordinances enacted by Sarasota County, Florida ("the County") pertaining to "adult businesses," he filed this action as a motion for a protective order pursuant to the Uniform Interstate Depositions and Discovery Act, Tenn. Code Ann. § 24-9-201, et seq. (Supp. 2011). The Attorney asserted, on behalf of himself and the County, that the information sought was protected by the attorney-client privilege and the work-product doctrine and that the discovery was overly broad and unduly burdensome. The trial court granted the protective order and quashed the subpoena. The subpoena had been issued and served at the request of Cheetah Lounge, Inc., dba "The Cheetah Lounge" and Sarasota Eateries, LLC ("the Adult Clubs") as a part of their discovery in a Florida case wherein they challenged the constitutionality of the subject ordinances. The Adult Clubs appeal. While this matter was pending oral argument before us, the County filed motions asking that this Court consider dual facts, *i.e.*, (1) that, following the entry of the trial court's judgment, the Florida court dismissed the underlying case and (2) that court later denied the Adult Clubs' motion to rehear. We directed the parties to brief the issue of whether this ancillary matter is rendered moot by the dismissal of the underlying action. We now hold that this case is moot. Accordingly, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed;**
**Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Luke Lirot, Clearwater, Florida, and Matthew A. Grossman, Knoxville, Tennessee, for the appellants, Cheetah Lounge, Inc., dba "The Cheetah Lounge," and Sarasota Eateries, LLC.

Stephen S. Duggins and Scott D. Bergthold, Chattanooga, Tennessee, for the appellees, Sarasota County, Florida, and Scott D. Bergthold.

**OPINION**

I.

As used herein, the term "adult businesses" means establishments that feature nude female dancers for the viewing entertainment of their patrons. The Adult Clubs are two such establishments. The County contracted with the Attorney in 2006 shortly after the Adult Clubs filed an action against the County in a Florida federal court challenging the constitutionality of the County's ordinances then in effect that regulated adult businesses. The contract is part of the record in this case. It defines the "Scope of Services" as follows:

> The [Attorney] will review existing and proposed provisions of the County Code relating to regulation of sexually oriented businesses, as previously provided to the [Attorney] by the County Attorney's office (collectively, the "Legislation"). The [Attorney] will advise the County Attorney as to any provisions of the Legislation for which amendments or additions should be considered in order to enhance the County's ability to defend the legality of the Legislation, or in order to enhance the County's goals of reducing the secondary effects of sexually oriented businesses. The [Attorney] will draft proposed amendments to the Legislation, or draft an entirely new ordinance or ordinances, and will provide a written report, including draft amendments and/or draft ordinance(s), within thirty (30) days from the date of this agreement.

The Attorney also agreed to attend "a reasonable number of conferences" to discuss the recommendations and respond to questions. The Attorney appeared for one such conference before the full Sarasota County Board of Commissioners on November 26, 2007, to discuss proposed regulations. The proposed regulations became Ordinances 2007-100 and 2007-101 ("the New Ordinances"). The Adult Clubs thereafter filed an action in a Florida state court ("the Florida Case") challenging the constitutionality of the New Ordinances.

As part of their discovery in the Florida Case, the Adult Clubs served the Attorney with a subpoena duces tecum issued by the clerk and master of the Hamilton County Chancery Court compelling him to appear for a deposition at his office in Chattanooga. As identified in an exhibit to the subpoena, he was further required to produce "all documents

upon which Deponent relied or purported to rely in drafting and recommending [the New Ordinances ] for approval . . . ."

In the case now before us, the procedure invoked by the Adult Clubs of compelling a deposition in Tennessee for use in a "foreign jurisdiction" by subpoena issued by a Tennessee Court, is expressly authorized by Tenn. Code Ann. §§ 24-9-201 through 207 ("the Act") as part of the Uniform Interstate Depositions and Discovery Act. The Act allows the deponent to apply "to the court for a protective order or to enforce, quash, or modify a subpoena." Tenn. Code Ann. § 24-9-206. The application must be to "the court in the county in which discovery is to be conducted." *Id*. The Attorney, on behalf of himself and Sarasota County, filed this action as a "motion for protective order and to quash subpoena and duces tecum directed to [the Attorney]." Among the numerous grounds alleged for relief, the motion asserts that "[t]he subpoena . . . improperly seeks disclosure of attorney work product or privileged information." The filing of the motion stayed compliance with the subpoena pending the court's ruling on the motion. Tenn. R. Civ. P. 45.07 ("The timely filing of a motion to quash or modify obviates the need for compliance with the subpoena pending further order of the court.").

After extensive briefing by both sides, the trial court heard argument on the Attorney's motion on July 26, 2011. The court took the matter under advisement and later entered an order granting the motion on the grounds of privilege and work product. The court also found that the discovery was unduly burdensome because much of the documentation sought appeared to be available through a public records request directly to the County, which the Adult Clubs had not pursued. The court ordered that, absent an order of a higher court, the Adult Clubs would be prohibited from taking the deposition of the Attorney.

II.

The Adult Clubs filed a timely notice of appeal. After we acquired jurisdiction of the case, the County filed a motion pursuant to Tenn. R. App. P. 14 asking this Court "to consider the post-judgment fact of summary judgment being entered in the underlying litigation in Sarasota County, Florida." The County asserted that "[c]onsideration of the summary judgment . . . is appropriate because it renders the present appeal moot . . . ." We filed an order on February 8, 2012 reciting that the

> motion to consider . . . the post-judgment fact of summary
> judgment being entered in favor of the [County] in the
> underlying litigation in the State of Florida is DEFERRED to
> the panel assigned to hear this case. . . . The parties are directed

-3-

to address at oral argument the possible mootness of this appeal in light of the apparent resolution of the Florida litigation . . . .

(Capitalization in original.) Before the oral argument was entertained by the Court, the County filed a second motion asking

> this Court to consider the post-judgment fact that the Florida trial court has denied [the Adult Clubs'] motion to rehear the complete summary judgment entered against [the Adult Clubs]. Consideration of the summary judgment and the February 2, 2012 rehearing denial in Florida is appropriate because it renders the present appeal moot. . . . Moreover, it is especially on point because the motion for rehearing was based in part on the Adult [Clubs'] argument that they should have been allowed to take [the Attorney's] deposition before summary judgment was entered against them.

We again deferred a ruling on the merits of the motion to the panel assigned to hear the argument and directed the parties to address the issue of whether the case is now moot.

### III.

The Adult Clubs present a host of imaginative issues, many of which invoke the state and federal constitutions, and all of which boil down to whether the trial court erred in (1) granting the motion for protective order and (2) quashing the subpoena. The County and the Attorney lead off with the issue of whether this case is now moot. The Adult Clubs addressed this issue in their reply brief.

We will first address the County's motions. The rule that allows us to consider, in our discretion, certain post-judgment facts is Tenn. R. App. P. 14. Subsection (a) of Rule 14 states, in pertinent part:

> The Supreme Court, Court of Appeals, and Court of Criminal Appeals on its motion or on motion of a party *may consider facts concerning the action that occurred after judgment.* Consideration of such facts lies in the *discretion* of the appellate court. While neither controlling nor fully measuring the court's discretion, consideration generally will extend only to those facts, *capable of ready demonstration*, *affecting* the positions of the parties or *the subject matter of the action such as mootness*,

-4-

> bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters. Nothing in this rule shall be construed as a substitute for or limitation on relief from the judgment available under the Tennessee Rules of Civil Procedure or the Post-Conviction Procedure Act.

(Emphasis added.) The facts we are asked to consider are "capable of ready demonstration" – they are part of the file of a court of record. The Adult Clubs do not dispute that the trial court in the Florida Case entered summary judgment against them and denied their motion to rehear. Furthermore, the dismissal of the Florida Case clearly "affect[s] . . . the subject matter of the action" because it bears on the possible "mootness" of the present action. Accordingly, we grant the County's motion to consider the post-judgment facts of the dismissal of the Florida Case and the denial of the Adult Clubs' motion to rehear.

We have defined the concept of mootness as follows:

> A moot case is one which has lost its character as a present, live controversy. A case will generally be considered moot when the prevailing party will be provided no meaningful relief from a judgment in its favor. To avoid being dismissed as moot, cases or issues must be justiciable not only when a case is first filed but must remain justiciable throughout the entire course of the litigation, including the appeal.

*County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996)(citations omitted).

The Adult Clubs agree that the above standard is the correct gauge of mootness. However, they seek to avoid the draconian effect of its application here by pointing out that they have appealed the summary judgment in the Florida case. Even if we assume that the Adult Clubs are correct in their assertion that the Florida court acted prematurely in granting summary judgment while discovery was still pending, that does not mean that they should be allowed discovery while their appeal of the Florida Case is pending. In essence, the Adult Clubs are arguing that when a case is dismissed short of a trial on the merits, discovery should continue unless and until the dismissal is affirmed on appeal.[1] The Adult Clubs offer no authority to support their expansive view of discovery.

---

[1]Counsel for the Adult Clubs conceded at oral argument that they would not be permitted to undertake discovery in the state of Florida once the summary judgment was granted and the appeal commenced.

We hold that the dismissal of the Florida Case on summary judgment renders the present case moot notwithstanding the appeal of the summary judgment. We further hold that because of the possibility of a reversal of the judgment in the Florida Case, and because we have not addressed the merits of the trial court's judgment in the present case, our judgment does not preclude the Adult Clubs from seeking discovery through a new subpoena in the event the judgment in the Florida Case is reversed or vacated on appeal and that case remanded to the Florida trial court for further proceedings.

IV.

This appeal is dismissed. Costs on appeal are taxed to the appellants, Cheetah Lounge, Inc., dba "The Cheetah Lounge," and Sarasota Eateries, LLC. This case is remanded, pursuant to applicable law, for the collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE