IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 1, 2024

## JAMES E. BLOUNT, IV v. WEIGEL'S STORES, INC. ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 2-143-23 William T. Ailor, Judge**
_____

**No. E2023-01835-COA-R3-CV**
_____

The plaintiff sued a third party in North Carolina. During that litigation, the plaintiff learned that a Tennessee business might have information relevant to the lawsuit, so the plaintiff obtained a subpoena in North Carolina and, under the Uniform Interstate Depositions and Discovery Act, received a corresponding subpoena from the Circuit Court Clerk for Knox County, Tennessee. After serving the subpoena on an agent for the defendant, the plaintiff heard no response. He then brought a petition to enforce the subpoena against the company and its agent. The defendants filed a motion to dismiss and for Rule 11 sanctions, which the trial court granted. Because we find that the trial court did not adequately explain its decisions to dismiss the petition, grant attorney's fees, and order Rule 11 sanctions so as to allow for meaningful appellate review, we vacate the decision of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated;**
**Case Remanded**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Benjamin Louis Taylor, Southaven, Mississippi, for the appellant, James E. Blount, IV.

Karen G. Crutchfield, Knoxville, Tennessee, for the appellees, Weigel's Stores, Inc., and William B. Weigel.

## OPINION

This case originated in October 2021 when Appellant James E. Blount, IV, filed a complaint for alienation of affection and criminal conversation against Kurt Weigel in the

Superior Court of Buncombe County, North Carolina. After a deposition, Mr. Blount learned that Kurt Weigel, during the allegedly tortious actions, had used a credit card, cell phone, email account, and vehicle all provided by his employer, Weigel's Stores, Inc., a Tennessee company. Shortly after, on April 14, 2023, Mr. Blount caused a subpoena duces tecum to be issued by the North Carolina Superior Court Clerk to obtain any available documents from Weigel's Stores and its registered agent, William Weigel, related to Kurt Weigel's alleged tortious activity. On the same day, Mr. Blount had a Tennessee Subpoena issued by the Circuit Court Clerk for Knox County, Tennessee, under the Uniform Interstate Depositions and Discovery Act (UIDDA). *See* Tenn. Code Ann. § 24-9-201 *et seq*.

According to the return of service, the subpoena was hand-delivered to William Weigel on April 17, 2023, by process server Keith Gunn, but the Appellees appear to dispute that they were properly served with any documents on April 17th. On May 30, 2023, after receiving no response to the subpoena, Mr. Blount filed a petition to enforce and for sanctions. Copies of the North Carolina and Tennessee subpoenas were attached to the petition. Appellees state this was the first time they received a copy of any North Carolina subpoena, although they argue that it lacked a signature from the North Carolina clerk.

The first response sent from Appellees' Attorney, Karen Crutchfield, to Mr. Blount was a letter on June 21, 2023. In it, Appellees' attorney explained that the letter served as a safe harbor notification under Tennessee Rule of Civil Procedure 11.03. Ms. Crutchfield laid out several actions that she asserted violated Rule 11:

Please allow this letter to serve as Notice under Tennessee Rule of Civil Procedure 11.03 of the numerous material misrepresentations you made to the Court regarding:

1) the Foreign Subpoena that is the subject of your Petition;

2) the legal basis and jurisdiction of the Knox County Circuit Court to enforce a Foreign Subpoena that has not been issued by either the Buncombe County Superior Court Clerk in North Carolina, or the Knox County Circuit Court, in accordance with Tenn. Code Ann. § 24-9-201, *et seq.*;

3) the legal basis and/or jurisdiction of the Knox County Circuit Court Clerk to issue a subpoena under the Tennessee Uniform Interstate Deposition and Discovery Act, where the underlying subpoena has not been appropriately issued by the Clerk of the Court in the appropriate Foreign Jurisdiction;

4) the fact that Mr. Weigel and Weigel's Stores, Inc. have never been served with any properly issued subpoena under Tenn. Code Ann. § 24-9-201, *et seq.*; and/or,

5) instituting the above referenced enforcement action against William B. Weigel and Weigel's Stores, Inc., where they are not parties to the domestic relations litigation between you and Kurt Weigel, currently pending in North Carolina, and have not been properly served with any subpoena for records under Tenn. Code Ann. § 24-9-201, *et seq.*

Essentially, this letter indicated that, because the version of the North Carolina subpoena that Mr. Blount attached to his enforcement petition was not signed by the North Carolina clerk, it was not a validly "issued" foreign subpoena.

Because of this deficiency, the Appellees argued, the subpoena could not be "served" on Appellees and, consequently, the Knox County Circuit Court lacked jurisdiction to enforce it. The letter summarized the alleged violation of Rule 11 by stating:

The Petition for Enforcement that you instituted against William B. Weigel and Weigel's Stores, Inc., clearly violates Rule 11 by misrepresenting to the Court that you are entitled to enforcement of the subpoena under Tenn. Code Ann. § 24-9-206, when you have not complied with the requirements of Tenn. Code Ann. § 24-9-201, *et seq.*, a subpoena has not been issued by the Buncombe County Superior Court Clerk, and you have not provided any evidence that the documents and information you seek have been sought and/or have been authorized by the Courts in the North Carolina litigation.

Appellees then warned that, unless Mr. Blount withdrew his petition, they would file a motion for sanctions within seven days.

Mr. Blount's counsel, Benjamin Taylor, responded by letter on July 10. He attached a copy of the subpoena that included the North Carolina clerk's signature. The letter does not clarify whether the earlier-sent unsigned version was simply a case of sending the wrong copy. Mr. Taylor also reiterated the factual basis for the subpoena: Kurt Weigel's use of a vehicle and credit card owned by Weigel's Stores in connection with the tortious activity in North Carolina. Mr. Taylor requested that Appellees let him know if the letter did not adequately address their concerns.

Ms. Crutchfield responded by letter on July 26. She reiterated Appellees' argument that the North Carolina subpoena that the Appellees received was not signed and therefore Weigel's Stores was never served with an "issued" foreign subpoena. Ms. Crutchfield again explained Appellees' position on the issuance of the foreign subpoena:

The subpoena you have provided with your letter of July 10th, as well as the subpoena received by Weigel Stores, Inc., have an unsigned "filed stamp" indicating it was "filed" with the Buncombe County Superior Court Clerk's office, but has no clerk stamp or signature by the Clerk of the Buncombe County North Carolina Superior Court [indicating that the court] actually "issued" the subpoena.

Ms. Crutchfield also explained that Weigel's Stores, as a Tennessee business, had no business relationship with Mr. Blount or his ex-wife. As such, she was "uncertain of what Weigel's Stores, Inc., could provide in response to the subpoena . . . ." She also stated that, according to the scheduling order in the North Carolina litigation, the discovery period ended on July 13, 2023, meaning that it was too late for Mr. Blount to request material from Appellees. She did not acknowledge that the underlying subpoena had been served in April. Ms. Crutchfield then gave a new deadline of August 4, 2023, to withdraw the petition.

On August 11, 2023, after these discussions between the parties failed, Appellees filed a motion to dismiss, to quash, and for sanctions. A hearing was held on October 27, 2023. At the hearing, Ms. Crutchfield argued to the trial court that her clients did not receive any copy of the subpoena until they received the later petition for enforcement. She reiterated that the version they received lacked a signature and that Weigel's Stores did not operate in North Carolina and had no business records related to the other litigation. Ms. Crutchfield also argued that the North Carolina scheduling order indicated that discovery should have concluded in July, so she believed the petition for enforcement was being used to get a continuance in North Carolina to stave off a dispositive motion. She also stated that the North Carolina litigation would have been the appropriate place to seek these documents, rather than bringing a subpoena to Tennessee.

In response, Mr. Taylor argued that the documents being sought were relevant, emphasizing the deposition testimony that led Mr. Blount to believe that Weigel's Stores may have records. He also explained that the subpoenas here were issued in April, well within the original North Carolina discovery deadline, though he also stated that the North Carolina trial had been continued because of the current discovery dispute. Finally, Mr. Taylor made clear that he was simply seeking to enforce a Knox County subpoena.

The trial court ruled orally in favor of Appellees, offering a brief explanation in the wake of a brief hearing:

[A]fter review of the motion and the petition and what has been provided in the affidavit, the Court's of the opinion that it does not have jurisdiction, that the discovery sought should be sought in North Carolina and there are processes available in North Carolina to pursue the information through [Kurt] Weigel in the North Carolina litigation. Therefore, the court is going

- 4 -

to dismiss the petition.

> Ms. Crutchfield, the court will award attorney's fees based on Rule 11, so if you'll prepare the order.

Per these instructions, Ms. Crutchfield drafted an order that was signed by the judge and entered on December 1, 2023.

The written order differs greatly from the trial court's oral ruling. In it, the trial court stated that the records sought in the subpoena were subject to the North Carolina scheduling orders, over which it had no jurisdiction. Therefore, it held that Mr. Blount failed to state a claim and granted Appellees' motions to dismiss and to quash. Although the oral ruling had stated attorney's fees were awarded under Rule 11, the written order also awarded attorney's fees and costs under Tennessee Code Annotated section 20-12-119(c). There were no additional findings or conclusions explaining why the trial court lacked jurisdiction. The trial court also did not address whether William Weigel was served with the Tennessee and North Carolina subpoenas on April 17, 2023, nor did it address whether the North Carolina subpoena was procedurally deficient due to the alleged lack of issuance. As to Rule 11 sanctions, where, orally, the court simply ruled that it would "award attorney's fees based on Rule 11," the written order stated:

> The Court further finds that sanctions are appropriate under Rule 11 of the Tennessee Rules of Civil Procedure, in that the Plaintiff's Petition for Enforcement and Sanctions is not warranted under Tennessee Law, and was filed and maintained for the improper purpose of circumventing orders and proceedings in the Plaintiff's North Carolina litigation, in that the Defendants complied with Rule 11.02 and advised the Plaintiff, who is an attorney licensed to practice law in Tennessee, as well as Plaintiff's subsequently retained Counsel in both Tennessee and North Carolina, of (1) the defects in the issuance and service of the subject subpoena under Tennessee Code Annotated § 24-9-201, *et seq.*, and Rule 45 of the Tennessee Rules of Civil Procedure, (2) that Weigel's Stores, Inc. had no records related to the Plaintiff, his former wife Heather Rader Blount, or the domestic relations matters pending in North Carolina as specified in the subject subpoena, and (3) that the records of William Kurt Weigel being sought in the subject subpoena were subject to the rules of procedure, laws, and Orders of the court in *James E. Blount, IV, v. W. Kurt Weigel*, in the Superior Court of Buncombe County, North Carolina, File No. 21-CVS-4258, rather than this Court in Knox County, Tennessee.

The court then separately entered an order awarding $15,132 in attorney's fees under both Tennessee Code Annotated section 20-12-119(c) and Rule 11.

On appeal, Mr. Blount raises multiple issues, which we restate as follows: (1) whether the trial court erred when it dismissed his petition for enforcement for failure to state a claim, (2) whether the trial court erred in approving the application for attorney's fees under Tennessee Code Annotated 20-12-119(c), (3) whether he engaged in sanctionable conduct under Tennessee Rule of Civil Procedure 11, and (4) whether the award of attorney's fees under Rule 11 was appropriate. In addition to arguing in support of the trial court's decisions in the present case, the Appellees also assert that Mr. Blount's appeal is frivolous, and, accordingly, seek their costs and attorney's fees on appeal under Tennessee Code Annotated section 27-1-122.

While this appeal was pending, the North Carolina litigation was dismissed. Appellees filed a motion to consider post-judgment facts related to that dismissal, which this court granted. In their motion to consider post-judgment facts, Appellees informed this court that the General Court of Justice, Superior Court Division for Buncombe, North Carolina, entered a final judgment dismissing the underlying lawsuit filed by Mr. Blount against Kurt Weigel.

Both parties agree that this mooted the issues in this appeal concerning the underlying merits and enforceability of the petition. *See Cheetah Lounge, Inc. v. Sarasota Cnty.*, 387 S.W.3d 10, 14 (Tenn. Ct. App. 2012) (holding that the dismissal of the underlying meritorious lawsuit in Florida rendered the appeal related to a derivative foreign subpoena in Tennessee moot); *see generally Norma Faye Pyles Lynch Fam. Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 204 (Tenn. 2009) (explaining that a case is moot when it no longer serves as a means to provide some sort of judicial relief to the prevailing party).

However, the parties also appear to agree that the issues associated with attorney's fees and Rule 11 sanctions remain live. In their memorandum in support of the motion to consider post-judgment facts, Appellees state: "If the trial court in this case had not dismissed Appellant's Petition for Enforcement, arguably there would be no basis for the award of sanctions or fees." Mr. Blount agrees with this framing, stating in his response to the motion that the "appeal should continue for purposes of the Rule 11 sanctions and the award of attorneys fees and costs to the Appellees." Because this court can still provide judicial relief related to the award of attorney's fees and Rule 11 sanctions, we agree that those issues remain live, even if the merits of the motion to dismiss and petition to enforce as to the underlying litigation are now moot.

II.

We ultimately conclude that the award of attorney's fees and costs under Tennessee Code Annotated section 20-12-119(c) and the imposition of Rule 11 sanctions suffer the same fundamental flaw. The trial court did not make sufficient findings or adequately explain its reasoning so as to permit meaningful appellate review. We address each in turn below.

A.

In addressing the award of attorney's fees and costs under Tennessee Code Annotated section 20-12-119(c), we must begin with the trial court's grant of Appellees' motion to dismiss. The grant created the factual and statutory hook for the award of attorney's fees and costs.

In its final order, the trial court offered a brief statement as to why it granted the motion to dismiss:

> The Court finds that the records being sought in the subpoena that the Plaintiff seeks to enforce in this cause, are records subject to the Scheduling Orders in the North Carolina litigation, over which this Court has no jurisdiction, and therefore, the Plaintiff's Petition for Enforcement fails to state a claim against the Defendants upon which relief may be granted.

The trial court also awarded Appellees their costs and attorney's fees under Tennessee Code Annotated section 20-12-119(c), which provides that a court "shall award" attorney's fees and costs when a case is dismissed for failure to state a claim. The trial court did not provide any further explanation or legal authority to support this decision. The transcript of the trial court's oral ruling does not do much to illuminate our review. There, the trial court said only that it lacked jurisdiction and that the discovery "should be sought in North Carolina" because "there are processes available" there to pursue the information sought in the relevant subpoena. It is not entirely clear what the trial court was referring to regarding processes available in North Carolina or why these processes were required. Mr. Blount asserts that he obtained a subpoena in North Carolina as part of the underlying litigation in that state and then caused an associated subpoena to be issued under the Uniform Interstate Depositions and Discovery Act in Tennessee so as to be able to obtain discovery in Tennessee that might be relevant to what was then still ongoing litigation in North Carolina. Without any further explanation as to why the trial court held it lacked jurisdiction, we are left uncertain as to the legal and factual basis for its decision.

When granting dismissal for failure to state a claim upon which relief can be granted, a trial court must explain its decision with enough precision to allow for meaningful appellate review.[1] This Court "may deem it necessary to remand for findings

---

[1] We acknowledge that Tennessee Rule of Civil Procedure 52.01, which provides that in "all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment," excludes decisions on Rule 12 motions, providing that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 . . . ." Tenn. R. Civ. P. 52.01. However, as addressed above, this court "may deem it necessary to remand for findings of fact and conclusions of law if we cannot ascertain the basis for the trial court's ruling" in the context of a motion, including a Rule 12 motion. *Shelby County v. Delinquent*

of fact and conclusion of law if we cannot ascertain the basis for the trial court's ruling" even when Rule 52.01 does not apply. *Shelby County*, 2024 WL 1944737, at \*2-3. As an example, in *Buckingham v. Tennessee Department of Corrections*, this court vacated the trial court's grant of a Rule 12.02(6) motion to dismiss for failure to state a claim, stating, "appellate review is hampered because the trial court's order does not apply any legal standard or contain legal conclusions regarding the sufficiency of the complaint or provide any reasoning for the dismissal." No. E2020-01541-COA-R3-CV, 2021 WL 2156445, at \*3 (Tenn. Ct. App. May 27, 2021); *see also Huggins v. McKee*, No. E2014-00726-COA-R3-CV, 2015 WL 866437, at \*5 (Tenn. Ct. App. Feb. 27, 2015) ("However, in the absence of an explanation of the basis for the trial court's determination . . ., we must vacate the trial court's dismissal . . . .").

Similarly, here, the trial court has not provided an explanation for why it found that it lacked jurisdiction, which provided the predicate for dismissing Mr. Blount's petition. It is unclear to this court why the theoretical availability of a process to obtain discovery in North Carolina deprives a Tennessee court of jurisdiction over a Tennessee subpoena. And we do not have any factual findings upon which a basis for dismissal would be clear or obvious. Because of this lack of explanation, meaningful appellate review is not possible. We "cannot ascertain the basis for the trial court's ruling." *Shelby County*, 2024 WL 1944737, at \*3. Therefore, we vacate the trial court's dismissal of Mr. Blount's petition. Because we vacate the dismissal, we also necessarily vacate the award of attorneys' fees under Tennessee Code Annotated section 20-12-119(c).

B.

Next, we turn to the trial court's imposition of sanctions under Tennessee Rule of Civil Procedure 11. At the hearing on Appellees' motion, the trial court did not provide an explanation for its holding, stating only, "Ms. Crutchfield, the court will award attorney's fees based on Rule 11, so if you'll prepare the order." That single sentence expanded into the following language contained in Ms. Crutchfield's draft order, adopted by the trial court as its written final order:

> The Court further finds that sanctions are appropriate under Rule 11 of the Tennessee Rules of Civil Procedure, in that the Plaintiff's Petition for Enforcement and Sanctions is not warranted under Tennessee Law, and was filed and maintained for the improper purpose of circumventing orders and proceedings in the Plaintiff's North Carolina litigation, in that the Defendants complied with Rule 11.02 and advised the Plaintiff, who is an attorney licensed to practice law in Tennessee, as well as Plaintiff's subsequently retained Counsel in both Tennessee and North Carolina, of (1) the defects in

*Taxpayers 2018*, No. W2023-00446-COA-R3-CV, 2024 WL 1944737, at \*2-3 (Tenn. Ct. App. May 3, 2024).

the issuance and service of the subject subpoena under Tennessee Code Annotated § 24-9-201, *et seq.*, and Rule 45 of the Tennessee Rules of Civil Procedure, (2) that Weigel's Stores, Inc. had no records related to the Plaintiff, his former wife Heather Rader Blount, or the domestic relations matters pending in North Carolina as specified in the subject subpoena, and (3) that the records of William Kurt Weigel being sought in the subject subpoena were subject to the rules of procedure, laws, and Orders of the court in *James E. Blount, IV, v. W. Kurt Weigel*, in the Superior Court of Buncombe County, North Carolina, File No. 21-CVS-4258, rather than this Court in Knox County, Tennessee.

Respectfully, we find the trial court's decision to be flawed. Rule 11 requires a trial court to make certain findings, providing, "When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Tenn. R. Civ. P. 11.03(3). "This directive is mandatory; failure to describe the conduct determined to constitute a violation or to explain the basis for the sanction imposed is grounds for reversal." *Lindsey v. Lambert*, 333 S.W.3d 572, 578 (Tenn. Ct. App. 2010).[2] Failure to explain the basis for sanctions does not automatically require reversal, however, as this court may vacate the trial court's order and remand for further consideration. *Id.* (vacating the trial court's order because its order did not explain the basis for its imposition of Rule 11 sanctions).

Here, while the final order provides what purports to be an explanation for the imposition of sanctions, it is unclear what conduct the trial court found sanctionable. The order states that the petition was not warranted under Tennessee law, but there is no explanation as to why it was not warranted. The order also states that it was filed with the improper purpose of circumventing North Carolina orders but the facts in the record show that Mr. Blount sought the subpoena and the petition for enforcement well within the North Carolina discovery timeline. Again, it is unclear what the trial court meant by this. Further, the trial court did not make any findings about whether William Weigel was served on April 17, 2023, nor whether the North Carolina subpoena was actually issued. Rather, the remainder of the portion of the order imposing Rule 11 sanctions simply restates the broad and conclusory statements that the Appellees made in their safe harbor letter. On the whole, we are unable to ascertain what conduct by Mr. Blount the trial court found sanctionable and why.

At the hearing, the trial court simply stated that it was awarding sanctions but did not explain the basis for doing so. The trial court then adopted a party-prepared order,[3] but

---

[2] Although Mr. Blount does not specifically raise the failure to comply with Rule 11.03(3), we find, as we did in *Lindsey*, good cause to consider the issue within the broader context of Mr. Blount's argument against the validity of Rule 11 sanctions. *See Lindsey*, 333 S.W.3d at 578 n.8.

[3] There is a stark difference between the oral ruling and the party-prepared order that was adopted

the explanation therein does not adequately explain the basis for sanctions. Accordingly, we vacate the trial court's order imposing sanctions against Mr. Blount.

IV.

The Appellees contend that Mr. Blount's appeal in the present case is frivolous and seek their costs and attorney's fees under Tennessee Code Annotated section 27-1-122. Tennessee Code Annotated section 27-1-122 provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Mr. Blount presented thoughtful arguments on appeal before this court, asserting that the trial court erred as to dismissal and as to Rule 11 sanctions. We are unable to determine whether those arguments are ultimately availing because we are unable to fully apprehend the bases of the trial court's decisions in the present case. Mr. Blount's appeal cannot be said to be frivolous. Accordingly, we decline to award the Appellees their costs and attorney's fees.

V.

For the reasons stated above, we vacate the decision of the trial court dismissing Mr. Blount's petition under Rule 12, which necessitates vacating the award of attorneys' fees under Tennessee Code Annotated section 20-12-119(c), and we vacate the trial court's decision to impose Rule 11 sanctions. We remand for further proceedings consistent with this decision. In doing so, we recognize that the underlying merits of the petition for enforcement are now moot, which effects the scope of any proceedings on remand.

s/ Jeffrey Usman<br>JEFFREY USMAN, JUDGE

---

in the present case, which is potentially problematic. There are potential *Lakeside* problems, but because we have resolved this case on another ground, we conclude that it is unnecessary to determine whether the order at issue is in accord with the Tennessee Supreme Court's *Lakeside* decision. *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 314-17 (Tenn. 2014) (imposing requirements in relation to the use of party-prepared orders to ensure not only that the decision reflects the independent judgment of the trial court but also has the appearance of such independent judgment being exercised).