IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 21, 2004 Session

## ALBERT THOMPSON v. PATRICIA CHAFETZ

**A Direct Appeal from the Circuit Court for Shelby County**
**No. 306305      The Honorable George H. Brown, Jr., Judge**

---

### No. W2003-00518-COA-R3-CV - Filed March 4, 2004

---

This is an appeal from an Order denying Appellant's Tenn. R. Civ. P. 60 Motion, which sought relief from the grant of Appellee's Motion for Summary Judgment. Appellant's attorney failed to set the Motion for hearing until some nineteen (19) months after the entry of the Order granting summary judgment. The trial court found that the attorney's failure to prosecute resulted in prejudice to Appellee and denied the Rule 60 Motion. We affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Warner Hodges, III of Germantown For Appellant, Albert Thompson

Eugene J. Podesta, Jr. of Memphis For Appellee, Patricia Chavetz

### OPINION

On January 10, 2000, Albert Thompson ( "Thompson," "Plaintiff," or "Appellant") filed a "Complaint for Damages for Legal Malpractice" against Patricia Chafetz ("Chafetz," "Defendant," or "Appellee"). Chafetz represented Thompson in his contested divorce and the allegations of legal malpractice stem from those proceedings. Chafetz filed her Answer on March 28, 2000.

Following discovery, on October 19, 2000, Chafetz filed a Motion for Summary Judgment, along with a Statement of Undisputed Material Facts and the Affidavit of attorney Darrell D. Blanton in support thereof. The Motion for Summary Judgment was set for hearing on May 4, 2001. Warner Hodges, III ("Hodges"), attorney for Thompson, failed to appear at that hearing. At that time, the trial court asked Eugene J. Podesta, Jr. ("Podesta"), attorney for Chafetz, to draft an Order Granting Summary Judgment and to inform Hodges that the Order would be entered if Hodges did not file an

affidavit to rebut that of Darrell D. Blanton within one week.  Podesta drafted the Order and notified Hodges by letter of the affidavit requirement.

On May 9, 2001, Hodges filed the Affidavit of Kevin A. Snider, along with "Plaintiff's Response to Defendant's Rule 56.03 Statement of Undisputed Material Facts," in opposition to the Motion for Summary Judgment.  Despite these filings, and without any further hearing, the trial court entered the Order Granting Defendant's Motion for Summary Judgment on May 14, 2001.  Neither Hodges nor Podesta had knowledge that this Order had been entered until Podesta was notified sometime in June or July of 2001.[1]  At that time, Podesta checked the file and found that the Order had been entered.[2]  He then notified Hodges to check the file.[3]  After checking the file, on September 20, 2001,  Hodges filed "Plaintiff's Motion Pursuant to Rule 60 T.R.C.P. for Relief from Judgment or Order" (the "Rule 60 Motion").  The Rule 60 Motion reads, in relevant part, as follows:

> Defendant had filed a Motion for Summary Judgment which had been continued for various reasons a few times.  The Motion for Summary Judgment primarily dealt with the absence of an affidavit from a practicing attorney supporting the legal malpractice.  On May 9, 2001, Plaintiff did file an appropriate affidavit with the court from Kevin A. Snider, an attorney who had been practicing for more than one year prior to the alleged negligence in the present case.  The Motion for Summary Judgment was scheduled to be heard on Friday, May 11 and counsel for the Plaintiff faxed a copy of the affidavit to counsel for Defendant stating that he assumed that the Motion for Summary Judgment would be stricken, or to notify him otherwise.  Apparently, through miscommunication, counsel for the Defendant had left an Order Granting Summary Judgment with the Court, which the Court apparently signed on May 14, 2001.  Plaintiff verily believes that he has just cause to set aside this Order as he had complied with Rule 56 of the Tennessee Rules of Civil Procedure by filing an adequate affidavit in opposition to the Motion for Summary Judgment.  Counsel for the Plaintiff was not sent a copy of the Order and only recently learned that the Order had been signed...

The Rule 60 Motion was not set for hearing until December 6, 2002, some nineteen (19) months after the Order Granting Summary Judgment was entered.  On January 6, 2003, the trial court

---

[1] Darrell D. Blanton informed Podesta that he believed the Order Granting Defendant's Motion for Summary Judgment had been entered during a conversation the two had in the hallway of the courthouse.

[2] Up to the time that Podesta checked the file, he had proceeded as if the Order had not been entered (i.e. he took the deposition of Kevin Snider).

[3] The exact date of Podesta's call to Hodges to check the file is not in the record.  Podesta stated at oral argument that it was in the "Summer of 2001," but that it could have been as late as August 2001.

filed its "Order Denying Plaintiff's Motion for Rule 60 Relief," which reads, in pertinent part, as follows:

> This cause came to be heard this 6ᵗʰ day of December, 2002, on the written motion of Plaintiff for relief from judgment pursuant to Rule 60, the statement of counsel and the entire record in this cause; from all of which it appears to the Court that the Motion is not well-taken and should be denied...

Thompson appeals from this Order and raises two issues for our review as stated in his brief:

> 1. Whether the order granting Defendant's Motion for Summary Judgment was ever properly entered, and whether said order, if not properly entered, is either final or appealable.
> 2. Whether the trial judge erred in granting Defendant's Motion for Summary Judgment and in denying Plaintiff's post trial motion to correct same.

Motion for Summary Judgment

Appellant first contends that the Motion for Summary Judgment was not properly entered pursuant to Tenn. R. Civ. P. 58. This issue is not properly before this Court. Thompson's Notice of Appeal, filed February 5, 2003, specifically states that he is appealing from the "Order of the Court entered on the sixth of January, 2003." The January 6, 2003 Order denies the Rule 60 Motion.

However, even if we entertain Appellant's issue, we nonetheless find that the requirements of Tenn. R. Civ. P. 58 are met in this case. Rule 58 reads, in relevant part:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
>
> *                                    *                                    *
>
> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the *proposed* order has been served on all other parties or counsel...

*Id.* (emphasis added).

The Order Granting Summary Judgment is stamped "Filed" on May 14, 2001, it is signed by Judge George Brown and by Podesta, as counsel for Chafetz. It contains a Certificate of Service, signed by Podesta, indicating that Hodges was served with a "true and exact" copy of the proposed

-3-

order on May 4, 2001. Nothing in Rule 58 indicates that any party is entitled to receive a copy of the judgment as it is filed[4] (i.e. stamped, signed by the judge and counsel). Rather, Rule 58 is

satisfied where, as in this case, all parties receive a copy of the **proposed** order. This issue is without merit.

Tenn. R. Civ. P. 60 Motion

A Rule 60 motion for relief from a judgment is within the sound discretion of the trial court and the court's ruling on a Rule 60 motion may not be reversed on appeal unless it is determined that the court abused its discretion. *See Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn.1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn.1991); *Toney v. Mueller Co.*, 810 S.W.2d 145, 147 (Tenn.1991); *Travis v. City of Murfreesboro*, 686 S.W.2d 68, 70 (Tenn.1985); *Spruce v. Spruce*, 2 S.W.3d 192, 194 (Tenn. Ct. App.1998); *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App.1996); *Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. Ct. App.1995).

The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). While we will set aside a discretionary decision if it does not rest on an adequate evidentiary foundation or if it is contrary to the governing law, we will not substitute our judgment for that of the trial court merely because we might have chosen another alternative.

The Rule 60 Motion was heard on December 6, 2002. After both attorneys had argued, the trial court denied the Rule 60 Motion with the following explanation:

> MR. HODGES: Could your Honor tell me...the reasons why this [Rule 60 Motion] has been denied?
>
> THE COURT: In all candor, Mr. Hodges, I don't think that you have been prompt in prosecuting this case and keeping up with the matters dealing with this case. And if you were dilatory [sic] to file promptly like any other lawyer should do, then these matters would have come to your attention and your office's attention. And I gave you the benefit of the doubt with regard to your explanation that you gave the Court with regards to the fax that you claim that you

---

[4] Rule 58, Tenn.R.Civ.P. provides that "[w]hen requested by counsel or pro se parties, the clerk shall mail or deliver a copy of the *entered judgment* to all parties or counsel within five days after entry. . ." (emphasis added).

did not receive. So I am giving you the benefit of every doubt, but since you asked my reason, I gave you my reason.

This matter arises out of an interesting procedural miscommunication, namely the Motion for Summary Judgment was granted unbeknownst to both attorneys in the case. However, the job of this Court, in reviewing the action of the trial court, is not so much focused on the filing of the Motion for Summary Judgment as upon the actions of Messrs. Podesta and Hodges following the discovery of this filing. It is undisputed that Podesta learned of the grant of summary judgment sometime in the summer of 2001 and that he notified Hodges to check the file. On September 20, 2001, Hodges filed the Rule 60 Motion. Had Hodges set the Motion on the docket at that time, there is little doubt that it would have been granted based upon the fact that Hodges filed the Affidavit of Kevin Snider in a timely manner and the fact that neither side was aware of the filing of the Motion for Summary Judgment. In fact, Podesta indicated that he "wouldn't have much to say to the Court [concerning the Rule 60 Motion being granted] if we were still in the summer of 2001."

However, rather than setting the Rule 60 Motion to be heard in a timely fashion, Hodges waited until December of 2002, nearly nineteen (19) months after the entry of the Motion for Summary Judgment. At the hearing on December 6, 2002, Messrs. Podesta and Hodges were allowed adequate time to argue the issue of whether this delay caused prejudice to their respective sides. Having reviewed this record, and particularly the statements of counsel made at the December 6, 2002 hearing, we cannot say that the trial court abused its discretion in finding that Hodges was derelict in failing to set the Rule 60 Motion for timely disposition. Furthermore, there were adequate evidentiary grounds for the trial court to find that such unwarranted delay prejudiced Chafetz's case. We find no abuse of discretion by the trial court.

Consequently, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant, Albert Thompson, and his surety.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.