IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 24, 2008 Session

# STANLEY A. DUMBAUGH, ET AL. v. DR. GEORGE E. THOMAS, INDIVIDUALLY AND AS AN EMPLOYEE OF TRANSSOUTH HEALTHCARE, P.C., ET AL.

### Direct Appeal from the Circuit Court for Madison County
### No. C-05-411    Roger A. Page, Judge

---

### No. W2007-01814-COA-R3-CV - Filed July 28, 2008

---

In this medical malpractice action, the trial court granted summary judgment in favor of the defendant doctor because the plaintiff had not personally served the defendant doctor; was put on notice of this insufficiency in the defendant's answer; and took no action to re-issue the summons and serve the doctor. Following entry of summary judgment, the plaintiff sought relief from this judgment pursuant to Rule 60.02 (1), arguing that the statements of the trial court and the actions of the parties implied that service was proper and led his counsel to believe there was no need to re-serve the defendant doctor. The trial court denied plaintiff's motion, and the plaintiff appealed. Finding no abuse of discretion, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and WALTER C. KURTZ, SR. J., joined.

Lanis Karnes and Candice Marlene Simpson, Jackson, Tennessee, for the appellants, Stanley A. Dumbaugh and wife, Sue Bartholomew.

Marty Phillips and Craig P. Sanders, Jackson, Tennessee, for the appellee, Dr. George E. Thomas.

Hubert B. Jones and Martin E. Dunn, Dyersburg, Tennessee, for the appellee, TransSouth Healthcare, P.C.

**OPINION**

On October 11, 2005, Stanley Dumbaugh (Mr. Dumbaugh) and his wife, Sue Bartholomew,[1] filed suit against Dr. George E. Thomas (Dr. Thomas), individually and as an employee of TransSouth Health Care, P.C. (TransSouth), and against TransSouth, for alleged injuries Mr. Dumbaugh sustained from the medical treatment provided by the defendants. Against Dr. Thomas, Mr. Dumbaugh proceeded on theories of negligence, negligence per se, breach of contract, and failure to conform to the standard of care. As to TransSouth, Mr. Dumbaugh pled *respondeat superior*.

### *Service of Process*

On October 17, 2005, a Madison County Deputy Sheriff served the summons and complaint upon Vera Tillman (Ms. Tillman), Dr. Thomas's purported office manager. According to the deputy's affidavit, his normal procedure is to ask for the office manager or the individual authorized to accept service. The deputy's affidavit further averred that Ms. Tillman stated she had the authority, by power of attorney, to accept service on behalf of Dr. Thomas. Mr. Dumbaugh contends that Ms. Tillman has since accepted service on Dr. Thomas's behalf, but we can find nothing in the record to support this allegation. Dr. Thomas, on the other hand, filed an affidavit stating that Ms. Tillman is neither his employee nor his authorized agent for accepting service of process on his behalf.

On January 11, 2006, a complaint and summons were served on Cathy Wallace, who, according to Mr. Dumbaugh, "oversees the front office area of the corporate offices of . . . TransSouth." The deputy instructed Ms. Wallace to read the summons to determine what action should be taken, but, after accepting it, she allegedly delivered it to medical records without reading it.

### *Denial of Plaintiff's Motions for Default Judgment and of Dr. Thomas's First Motion for Summary Judgment*

Mr. Dumbaugh filed a motion for default judgment against Dr. Thomas on January 13, 2006, based upon his failure to respond to the complaint, and upon TransSouth on February 21, 2006, for the same reason. Both parties subsequently filed answers to the complaint and responses to the motions for default judgment. In their answers, both parties pled insufficiency of service of process as the first defense. Dr. Thomas additionally filed a motion to strike the plaintiff's request for punitive damages and for joint and several liability, as well as a motion for summary judgment based upon lack of expert proof.

The trial court heard argument on both of Mr. Dumbaugh's motions for default judgment on May 8, 2006, and denied them on May 17, 2006. During the hearing, Dr. Thomas asked the court either to rule that he was never properly served, or, alternatively, to deny the default judgment

---

[1] Although Mr. Dumbaugh and his wife, Sue Bartholomew, are both plaintiffs in this action, we refer only to Mr. Dumbaugh throughout this opinion solely for clarity and succinctness.

motion and allow his answer to stand. The court stated it was not necessary to determine whether service was proper and concluded that the defendants' answers would stand. It set the summary judgment hearing for May 23, 2006. Based upon this exchange, Mr. Dumbaugh's counsel believed service of process was no longer an issue.

### *Award of Summary Judgment to Dr. Thomas*

Following Mr. Dumbaugh's filing of an expert affidavit, the trial court denied Dr. Thomas's motion for summary judgment and motion to strike by order entered on July 24, 2006. Dr. Thomas filed a second motion for summary judgment on November 15, 2006, based upon insufficient service of process and the statute of limitations. In his response, Mr. Dumbaugh attached a partial transcript from the May 8, 2006, default judgment hearing to establish that the issue of service of process had already been presented to the court, but to no effect. The trial court entered an order granting summary judgment to Dr. Thomas on March 22, 2007. It set forth the following undisputed facts supporting its conclusion:

1.  The Plaintiffs filed a Complaint on October 11, 2005 alleging that Defendant Thomas committed medical malpractice on October 13, 2004.

2.  The Summons and Complaint were to be delivered to George E. Thomas, M.D. at 379 Hospital Blvd., Jackson, TN 38305 or 144 Greendale Dr., Jackson, TN 38305.

3.  On October 17, 2005, Plaintiffs attempted to serve Defendant Thomas by delivering a copy of the Summons and Complaint to someone named "Vera Tillman." There is no indication of Ms. Tillman's capacity on the Return of Summons.

4.  On January 26, 2006, Defendant Thomas filed an Answer and stated as his First Defense insufficiency of service of process. The Answer also stated that Defendant Thomas had not been served with process and that Vera Tillman was not authorized to accept service of process on his behalf.

5.  On January 26, 2006, Defendant Thomas also filed an Affidavit [stating the same and providing that he had never been personally served with a copy of the Summons and Complaint].

6.  Plaintiffs filed an Affidavit from Madison County Sheriff's Deputy Bryan Rushing, which provides: 'On or about October 17, 2005, I attempted to serve a Summons and Complaint in the cause on Dr. George E. Thomas at 379 Hospital Blvd., Jackson, Madison County, Tennessee.' It further provides: 'to the best of my recollection, I was told by the Office Manager that she was authorized, by Power of Attorney, to accept service on behalf of Dr. Thomas and/or any physicians in that office' and 'It is my normal practice if someone indicates that they do not have the authority to accept service, I continue to attempt personal service on the individual.'

-3-

7. Despite receiving Defendant Thomas' Answer, Response to Motion for Default Judgment, and Affidavit whereby he expressly informed Plaintiffs that he had not been personally served with process and that Vera Tillman was not authorized to accept service of process on his behalf, Plaintiffs failed to have a summons reissued pursuant to Tennessee Rule of Civil Procedure 3.

The order further stated that these filings and the default judgment hearing placed Mr. Dumbaugh on notice that Dr. Thomas was contesting the sufficiency of service of process. The trial court concluded that "Plaintiffs had several months to have Summons reissued and have Dr. Thomas served to eliminate any risk of lack of service in this matter." Finally, the trial court found that there was insufficient proof in the record that Vera Tillman was Dr. Thomas's authorized agent for service of process, and that Ms. Tillman's statements set forth in the Deputy's affidavit were hearsay. The court concluded by directing the entry of a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.

### *Denial of Mr. Dumbaugh's Rule 60 Motion and*
### *TransSouth's Award of Summary Judgment*

On April 11, 2007, TransSouth filed a motion for summary judgment. On May 16, 2007, Mr. Dumbaugh filed a motion pursuant to Rule 60.02(1) of the Tennessee Rules of Civil Procedure, seeking relief from the judgment entered in favor of Dr. Thomas on the basis of mistake, inadvertence, surprise, or excusable neglect of his counsel. In essence, Mr. Dumbaugh contended that, through his counsel's interactions with the court and the other parties, he was led to believe that service was proper. Otherwise, he argued, he would have had the summons re-issued and re-served within the proper time frame.

On May 25, 2007, the trial court heard argument on both TransSouth's motion for summary judgment and on Mr. Dumbaugh's Rule 60 motion. It granted TransSouth's motion on July 10, 2007, and denied Mr. Dumbaugh's motion six days later. Mr. Dumbaugh filed his notice of appeal on August 9, 2007, seeking review of the court's award of summary judgment to TransSouth and its denial of his Rule 60 motion.

### *Issues Presented*

Mr. Dumbaugh raises the following issues, as slightly reworded, for review on appeal:

1. Did the lower court err by granting summary judgment for Defendants/Appellees based on insufficient service of process when: (1) Plaintiffs/Appellants properly executed service; (2) service was made by a deputy sheriff on a representative of each Defendant Appellee; (3) the same representatives continue to accept service and did so in a subsequent medical malpractice case where Defendant Thomas was being served; (4) the Defendants/Appellees had actual notice of the pending suit; (5) Counsel for

all Defendants/Appellees appeared in court; (6) Defendant/Appellee Thomas appeared at the court hearings along with counsel; (7) Defendant/Appellee Thomas allowed himself to be deposed for hours; (8) Defendants/Appellees propounded discovery; (9) Defendants/Appellees answered discovery; (10) Defendants/Appellees further participated fully in the suit before the trial court in a multitude of motions and pre-trial activity; and (11) the Judge, through statements in trial and rulings, appeared to have accepted service as proper?

2.      Under Rule 60.02 of the Tennessee Rules of Civil Procedure, did the lower court err when it concluded that Plaintiffs/Appellants' matter was not a situation in which the extraordinary relief of Rule 60.02 should extend?

Dr. Thomas raises the issue of whether the trial court abused its discretion by denying Plaintiffs' Motion for Relief from Judgment filed pursuant to Tennessee Rule of Civil Procedure 60.02(1), which is an extraordinary remedy, where Plaintiffs failed to personally serve Dr. Thomas, or an agent authorized to accept service on his behalf, before expiration of the statute of limitations.

Finally, TransSouth presents the following issues on appeal:

1.      Whether the trial court properly denied the plaintiffs' Rule 60.02(1) motion as to the final judgment in favor of Dr. Thomas since an affirmance of the trial court's ruling on this issue is also determinative of the appeal as to TransSouth; and

2.      If this Court grants plaintiffs relief vacating the final judgment as to Dr. Thomas, whether the grant of summary judgment as to TransSouth should be sustained on the alternative ground, namely that plaintiffs failed to effectuate proper service on TransSouth and as a result, plaintiffs' action as to TransSouth is barred by the applicable statute of limitations.

### *Standard of Review*

In this appeal, we review the trial court's denial of Mr. Dumbaugh's Rule 60 motion. When reviewing a trial court's decision to grant or deny relief pursuant to Tennessee Rule of Civil Procedure 60.02, we do so with great deference to the trial court. *Henry v. Goins,* 104 S.W.3d 475, 479 (Tenn. 2003). We will set aside the ruling only where there has been an abuse of discretion, meaning that the trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Id.*

### *Analysis*

At the outset, we note that the outcome of Mr. Dumbaugh's case against Dr. Thomas will dictate whether we reach any issues involving TransSouth. Importantly, Mr. Dumbaugh does not

contend that he could still maintain an action against TransSouth even if his case against Dr. Thomas were properly dismissed on procedural grounds. Indeed, in his response in opposition to TransSouth's motion for summary judgment, he states that "based on the doctrine of *respondeat superior*, if this matter is dismissed in a final judgment as against . . . Dr. Thomas, then there is no liability on the part of Defendant, TransSouth." Further, his arguments on appeal are consistent with this position. Accordingly, we shall first address Mr. Dumbaugh's case against Dr. Thomas because its outcome determines that of TransSouth.

Mr. Dumbaugh appeals the trial court's denial of his motion for relief from summary judgment entered in favor of Dr. Thomas. He filed this motion pursuant to Rule 60.02(1) of the Tennessee Rules of Civil Procedure, which allows for such relief in situations involving mistake, inadvertence, surprise, or excusable neglect. Tenn. R. Civ. P. 60.02(1). A Rule 60 movant bears the burden of proof and must set forth particular facts that explain why he or she is justified in seeking relief. *See Henry,* 104 S.W.3d at 482. In his Rule 60 motion, Mr. Dumbaugh requested that the court set aside the summary judgment based upon the mistake, inadvertence, surprise, or excusable neglect of his counsel. He submitted a memorandum of law and two affidavits, one from him and one from his counsel, in support of the motion. The affidavits set forth the following facts: that, following the default judgment hearing,[2] Mr. Dumbaugh's counsel sincerely believed that Dr. Thomas had been properly served; that the statements and actions of the trial court and parties alike implied as much; that the trial court's failure to hear testimony from the process server at that hearing indicated that service was proper; and that his counsel would have otherwise had the summons re-issued and re-served within the proper time frame.

On appeal, Mr. Dumbaugh seeks to re-argue the propriety of the service upon Vera Tillman, but we must confine our review to the parameters Mr. Dumbaugh himself set in seeking this extraordinary remedy. We further note that, despite the surprise of Mr. Dumbaugh's counsel following the entry of summary judgment, Mr. Dumbaugh neither sought to alter or amend the judgment via Tennessee Rule of Civil Procedure 59, nor did he appeal it to this Court. Accordingly, we shall address only the facts set forth in Mr. Dumbaugh's Rule 60 filing to determine if the trial court erred in denying him relief.

The trial court's order denying Mr. Dumbaugh's motion states that he failed to meet the "high burden associated with such relief." In reviewing this judgment under an abuse of discretion standard, we must consider whether (1) there existed a sufficient evidentiary foundation; (2) the trial court correctly applied the appropriate legal principles; and (3) the trial court's decision falls within the spectrum of acceptable alternatives. *Thompson v. Chafetz*, 164 S.W.3d 571, 574 (Tenn. Ct. App. 2004). We are unable to find an abuse of discretion in this case for the following reasons.

---

[2] Both affidavits refer to the first summary judgment hearing, but it appears they intended to specify the default judgment hearing instead. There is no indication that the first summary judgment hearing involved the issue of service of process, whereas the record contains a transcript from the default judgment hearing during which this issue was discussed. Further, Mr. Dumbaugh cites only to the statements from the default judgment hearing.

The crux of the question before the trial court was whether Mr. Dumbaugh's counsel was justified in believing the dispute about service of process had been resolved. Mr. Dumbaugh points us to the transcript of the default judgment hearing in which the parties discussed service of process. We note, first, that the trial court made clear to counsel for Mr. Dumbaugh that, even if service were proper, his decision to award a default judgment would still be a matter of discretion.

> THE COURT [(addressing counsel for Mr. Dumbaugh)]: . . . let's assume for the moment that these defendants were properly served under Rule 55 and the case is now under – isn't it still within the Court's discretion?
>
> . . . .
>
> If we're in a situation where I have granted default and defendants came back under Rule 60 . . . to move to set it aside, wouldn't that also be within my discretion?

We further note that counsel for Dr. Thomas unequivocally argued that service was insufficient because Vera Tillman was neither the employee nor authorized to accept service of process on Dr. Thomas's behalf. He continued as follows:

> I note that the complaint was left at his office whereas the default judgement [sic] motion was mailed to his house. Dr. Thomas indeed got the motion for default judgment. That's when he contacted me and we responded. I just don't think, with all due respect to opposing counsel, that there's any question based upon the return of summons that Dr. Thomas has not been served. So the clock has not been ticking on his time to respond to this complaint.
>
> Nevertheless, out of an abundance of caution, when he did get the default judgment motion and I was retained, we filed an answer within one week of when he got [it].
>
> . . . .
>
> . . . . So we would respectfully request the Court to determine that Dr. Thomas has not been served under Rule 4.04. And in the alternative, should the Court disagree with that position, to exercise its discretion and deny the default, permit the answer that's already been filed to stand and this case to go forward on the merits rather than the default.

The trial court then heard argument from TransSouth and concluded as follows:

I don't even know that it's even necessary for the Court to determine whether or not service was proper here. Does everybody agree with that? Is there any reason? All right. Based on my reading of Rule 55 and the cases thereunder and

especially, of course, looking at Rule 60, . . . I'm going to find that the motion for default judgment should be denied. . . . And I will let the answers of these defendants stand.

Alongside this exchange, however, is the trial court's order merely denying the motion for default judgment and declaring that the answers would stand. We note that "the court speaks through its order, not through the transcript." *In re Adoption of E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001); *Cunningham v. Cunningham*, No. W2006-02685-COA-R3-CV, 2008 WL 2521425, at *4 (Tenn. Ct. App. June 25, 2008). Counsel for Mr. Dumbaugh did not request a clarification from the trial court even though the first defense listed in Dr. Thomas's answer was the insufficiency of service of process. Indeed, the only question before the trial court that day was whether to award Mr. Dumbaugh a default judgment. It did not consider or decide an affirmative request for relief from Dr. Thomas.

Mr. Dumbaugh also contends that the trial court's decision not to hear testimony from the process server indicated that service was proper. Yet, the transcript of the hearing indicates otherwise. At the outset of the hearing, the trial court asked Mr. Dumbaugh's counsel if her witnesses had anything more to add to their statements in the affidavit. She answered in the negative, and the trial court then requested that she proceed with her argument. Moreover, in light of the fact that the trial judge expressly stated he would not render a finding on service of process, we cannot understand how one might conclude that the court's failure to hear testimony from the process server would indicate that service was proper.

Counsel for Mr. Dumbaugh also points out that Dr. Thomas fully participated in discovery and filed an unsuccessful motion for summary judgment prior to employing the service of process defense. Yet, she advances no argument beyond the fact that this behavior implied proper service and demonstrated the merits of Mr. Dumbaugh's case. Without more, we cannot conclude that Mr. Dumbaugh met his burden of proof on the Rule 60 motion. Indeed, although Mr. Dumbaugh's counsel's belief may have been sincere, we cannot conclude that it was justifiably held with any degree of certainty, particularly when she could have requested clarification from the court or, as an added safety measure, simply re-served Dr. Thomas.

Finding no abuse of discretion, we affirm the trial court's denial of Mr. Dumbaugh's Rule 60 motion. Likewise, based upon Mr. Dumbaugh's assertion that TransSouth's liability should hinge upon the outcome of his case against Dr. Thomas, we affirm the entry of summary judgment in favor of TransSouth. Costs of this appeal are taxed to the Appellants, Stanley Dumbaugh and Sue Bartholomew, and their surety, for which execution shall issue if necessary.

_____

DAVID R. FARMER, JUDGE