IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 26, 2013


CECILIA GONZALEZ v. MAURICIO GONZALEZ


**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-10-0635-2      Arnold B. Goldin, Chancellor**

_____

**No. W2012-02564-COA-R3-CV - Filed September 5, 2013**

_____


This case involves the propriety of the trial court's dismissal of a Rule 60.02 Motion to Set Aside a Final Judgment. The trial court previously dismissed Mother's Petition for Divorce, after finding that the marriage was void due to Mother's preexisting marriage in Chile. Mother subsequently filed a Rule 60.02 Motion, with supporting documentation purporting to show that she was never legally married in Chile. The trial court refused to set a hearing and dismissed the Rule 60.02 Motion. We conclude that the trial court erred in dismissing Mother's Rule 60.02 Motion. Reversed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

Matthew R. Macaw, Memphis, Tennessee, for the appellant, Cecilia Gonzalez.

Jeff Mueller, Jackson, Tennessee, for the appellee, Mauricio Gonzalez.

**OPINION**

**I. Background**

On April 5, 2010, Plaintiff/Appellant Cecilia Gonzalez ("Mother") filed a complaint for divorce from Defendant/Appellee Mauricio Gonzalez ("Father"), alleging that the parties were married on April 16, 2001. The parties have one child, born in 2002. Father retained an attorney, who filed a notice of appearance on May 7, 2010. However, Father did not file an Answer to the complaint and on June 10, 2010, Mother filed a Motion for Default Judgment. Father subsequently filed an Answer and Petition to Set a Parenting Schedule for the minor

child on June 15, 2010 and June 18, 2010, respectively. Father's Answer alleged that the parties were not legally married because at the time of the parties' marriage ceremony in 2001, Mother was still married to her first husband. On June 30, 2010, Mother filed a Petition for an Order of Protection against Father, alleging that Father was abusive and requesting that an order be entered preventing Father from having contact with the child. On July 2, 2010, Father filed a response to the petition, denying the material allegations contained therein. On the same day, Father also filed an Amended Proposed Permanent Parenting Plan, in which Father requested parenting time pending a final resolution in the case.

On July 26, 2010, Mother's attorney filed a Motion to Withdraw from representation. On August 13, 2010, Father filed a motion, captioned Motion to Dismiss Mother's Complaint for Divorce and to Set Aside the Marriage Contract or in the Alternative Father's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction. In the motion, Father argued that the parties' marriage was void because Mother was married to another man at the time of the marriage ceremony. Father attached to the motion documents from Mother's home country of Chile, which note that Mother married another man in 1991 and that the previous marriage was "declared null" on April 11, 2005.[1] Mother's new counsel was substituted for Mother's prior counsel by consent order entered on August 25, 2010. Mother, by and through her new counsel, filed her own Proposed Permanent Parenting Plan on September 3, 2010.

On September 22, 2010, the trial court entered an order on Mother's Petition for a Protective Order and Father's request for parenting time. Specifically, the trial court appointed a psychologist to interview the child and make recommendations to the court regarding parenting time. Father was not granted any visitation with the child pending the report of the psychologist. However, on November 18, 2010, Father filed a Motion to Compel Mother to comply with the trial court's order regarding the psychologist, alleging that Mother refused to schedule an appointment with the psychologist due to the scheduling conflicts of Mother's chosen interpreter.[2]

On March 4, 2011, Father's initial counsel was allowed to withdraw from the case. On June 21, 2011, Mother's Petition for an Order of Protection, Father's Petition to Set a Parenting Schedule, Father's Motion to Compel Mother to comply with the trial court's order regarding the psychologist, and Father's Motion to Dismiss the complaint for divorce were all dismissed by the trial court for lack of prosecution. On July 27, 2011, the trial court granted Mother's request to waive mediation in the divorce. Father's initial attorneys began

---

[1] Although the Chilean marriage documents are in Spanish, Father attached an official translation of the documents into English. There is no dispute that the English translation of the documents is accurate.

[2] Mother asserted in the trial court that she spoke only limited English.

to represent him again on August 17, 2011.

On August 17, 2011, Father refiled his Motion to Dismiss Mother's complaint for divorce, raising the same argument as in his previous motion. On October 26, 2011, the trial court granted Father's Motion to Dismiss. The trial court ruled that because Mother was married to another man at the time of the parties' marriage, her marriage to Father was void. Accordingly, the trial court dismissed the divorce complaint for lack of subject matter jurisdiction. The order also allowed Mother's attorney to withdraw.

On April 4, 2012, Father filed a Petition in the trial court to annul his purported marriage to Mother. Father amended his Petition for Annulment on April 20, 2012, which Amended Petition alleged that Mother's present whereabouts were unknown despite diligent inquiry. The petition was thus served on Mother by publication. On June 18, 2012, Father filed a Motion for Default Judgment on his Annulment Petition. Father later filed a Notice of Final Hearing on the Default, which hearing was to be held on August 13, 2012.

Prior to any order being entered granting a default judgment to Father, however, Mother filed an Answer to Father's Petition on August 21, 2012, denying the material allegations contained therein and asserting a counter-claim for divorce.[3] Although the record does not contain an order granting a default judgment to Father, on August 22, 2012, Mother filed a Motion to Set Aside the Default Judgment. A notice of hearing on this Motion was filed, setting a hearing date of September 28, 2012.

On September 18, 2012, Mother filed her Motion to Set Aside the Order on Father's Motion to Dismiss Mother's complaint for divorce ("Mother's Motion" or "Rule 60.02 Motion"), which motion is at issue in this case. In the Rule 60.02 Motion, Mother argued that she was, in fact, not legally married at the time of her marriage to Father. Mother asserted that new evidence showed that she was entitled to relief pursuant to Rule 60.02 of the Rules of Civil Procedure, under the following provisions: "(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application;" or "(5) any other reason justifying relief from the operation of the judgment." Mother supported her argument with documents from Chile that showed that because the marriage in Chile did not conform to the law regarding who may perform the marriage ceremony, the marriage was, under Chilean law, rendered "null and void." In addition, Mother included a document from a Chilean attorney, which document stated that the effect of the nullification of the marriage was that "their situation is restored back to their status before the celebration of the void act, thus they retake their civil status as single." The

---

[3] Mother had retained new counsel at this time.

attorney further stated:

> Further, it is worth noting that by decreeing the nullification of a legal act, it is regarded that it never lawfully came to life; i.e., it never existed. This means that the marriage between [Mother and her first husband] rendered null and void by court judgment never existed in legal terms and, therefore, the parties are reputed as if always having single status, notwithstanding the date of declaration of such nullification. ]

Thus, Mother argued that because she was never legally married prior to her marriage to Father, her marriage to Father was valid.

The trial court entered an order denying Mother's Motion to Set Aside and Dismissing Father's Petition for Annulment on October 3, 2012. Specifically, the trial court stated that after a conference requested by the trial court on September 19, 2012, the trial court ruled that:

> As the Court has found the marriage between [the parties], is and was null and void, parties are declared to be of unmarried status.
> As the Court has found the marriage between [the parties], is null and void, all custody and child support issues pertaining to the minor child of the parties . . . should be decided by the Juvenile Court.
> As the Court has found the marriage between [the parties] is null and void, [Mother's] Motion to Set Aside Default Judgment shall not be set for hearing, [] and the same is her[e]by dismissed.
> As the Court has found the marriage between [the parties] is null and void, [Mother's] Motion to Set Aside [the Order on Father's Motion to Dismiss Mother's Complaint for Divorce and to Set Aside] the Marriage Contract Pursuant to [Rule] 60.02(4) and (5) [of the Tennessee Rules of Civil Procedure] shall not be set for hearing by the Court.
> IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the marriage between [the parties] is and was null and void and an annulment hearing is unnecessary as the marriage is void and was never legally effective.
> IT IS ALSO ORDERED, ADJUDGED and DECREED

As the Court has found the marriage between [the parties] is and was null and void, parties are declared to be of unmarried status.

IT IS ALSO ORDERED, ADJUDGED and DECREED all custody and child support issues pertaining to the minor child of the parties . . . should be decided by the Juvenile Court as [the parties] are unmarried persons.

IT IS ALSO ORDERED, ADJUDGED and DECREED the Petition for Annulment, be and the same is hereby dismissed, at the cost of [Father].

IT IS ALSO ORDERED, ADJUDGED and DECREED the Answer to Petition for Annulment By Publication and Counter-Complaint for Divorce, Motion to Set Aside Default Judgment, and Motion to Set Aside [the Order on Father's Motion to Dismiss Mother's Complaint for Divorce and to Set Aside] the Marriage Contract Pursuant to [Rule] 60.02(4) and (5) [of the Tennessee Rules of Civil Procedure] be and the same is hereby dismissed, at the cost of Mother.

Thus, the trial court dismissed all pending motions and petitions, including Father's Petition for Annulment and Mother's Rule 60.02 Motion.

Mother filed a Notice of Appeal of the trial court's order on October 26, 2012. On February 7, 2013, Mother filed a Notice in the trial court of the filing of her Statement of the Evidence pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure[4]. Father lodged

---

[4] Rule 24 of the Tennessee Rules of Appellate Procedure states, in pertinent part:

(c) **Statement of the Evidence When No Report, Recital, or Transcript Is Available.** If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the

(continued...)

no objections to the Statement of the Evidence and the trial court took no action with regard to the Statement.

## II. Issues Presented

In her brief, Mother raised the following issues:

1.      Whether the trial court erred in failing to consider the new evidence presented by Mother before dismissing her Motion to Set Aside the Order on Father's Motion to Dismiss Mother's Complaint for Divorce and to Set Aside the Marriage Contract pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure?

2.      Whether the trial court erred in holding that Mother was still married to another man when she married Father, and therefore concluding that her marriage to Father was void?

---

[4](...continued)

     statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

     *    *    *

     (f) **Approval of the Record by Trial Judge or Chancellor.** The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge. In the event of such death or inability to act, a successor or replacement judge of the court in which the case was tried shall perform the duties of the trial judge, including approval of the record or the granting of any other appropriate relief, or the ordering of a new trial. Authentication of a deposition authenticates all exhibits to the deposition. The trial court clerk shall send the trial judge transcripts of evidence and statements of evidence.

## III. Analysis

Mother first argues that the trial court erred in dismissing her Motion to set aside the order dismissing her complaint for divorce pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Rule 60.02 provides a litigant an opportunity to gain relief from a final judgment, and states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. . . .

*Id.* Specifically, Mother asserted that the fact that she was not ever legally married in Chile met the requirements for relief under provisions (4) "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application;" and (5) "any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02. Recently, this Court explained:

> Rule 60.02 "provides an exceptional remedy that enables parties to obtain relief from a final judgment." *DeLong v. Vanderbilt Univ.*, 186 S.W.3d 506, 511 (Tenn. Ct. App. 2005) (citing *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992); *Hungerford v. State*, 149 S.W.3d 72, 76 (Tenn. Ct. App. 2003)). The rule "acts as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." *Thompson v. Firemen's Fund Ins. Co.*, 798 S.W.2d 235, 238 (Tenn. 1990). "Because of the importance of this 'principle of finality,' the 'escape valve' should not be easily opened." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

*Lindsey v. Lambert*, 333 S.W.3d 572, 576 (Tenn. Ct. App. 2010). Accordingly, the burden on the litigant seeking relief pursuant to Rule 60.02 is high:

> The burden to demonstrate a basis for relief under Rule 60.02 is on the movant. ***Banks v. Dement Constr. Co.***, 817 S.W.2d 16, 18 (Tenn. 1991) (citing ***Brumlow v. Brumlow***, 729 S.W.2d 103, 106 (Tenn. Ct. App. 1986); ***Jefferson v. Pneumo Servs. Corp.***, 699 S.W.2d 181, 186 (Tenn. Ct. App. 1985)). "The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy." ***DeLong***, 186 S.W.3d at 511 (citing ***Johnson v. Johnson***, 37 S.W.3d 892, 895 n.2 (Tenn. 2001)). Even if grounds for relief are proven, the trial court may refuse in its discretion to set aside a judgment. ***John Barb, Inc. v. Underwriters at Lloyds of London***, 653 S.W.2d 422, 423 (Tenn. Ct. App. 1983) (citing Tenn. R. Civ. P. 60.02). A failure to persuade the trial court to exercise its discretion in favor of granting relief is difficult to overcome: "In practical effect, a trial court's determination of whether to grant relief pursuant to Rule 60.02 is virtually conclusive." Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure § 12–3[d], at 12–56 (3d ed. 2009) (footnote omitted).

*Lindsey*, 333 S.W.3d at 576.

Thus, this Court will only overturn a trial court's decision to "grant or deny relief under Rule 60.02" if the court has abused its discretion. ***Id.*** at *576–77 (citing ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003)). "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." ***Thompson v. Chafetz***, 164 S.W.3d 571, 574 (Tenn. Ct. App. 2004) (citing ***State ex rel. Vaughn v. Kaatrude***, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)). This standard does not allow this Court to substitute the panel's judgment for the judgment of the trial court. ***Henry***, 104 S.W.3d at 479 (citation omitted). We will uphold the decision of a trial court so long as reasonable minds can disagree about its correctness, ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001), and will set aside the court's decision only if the court has applied an incorrect legal standard or has reached an illogical or unreasoned decision that causes an injustice to the complaining party, ***Pegues v. Ill. Cent. R.R. Co.***, 288 S.W.3d 350, 353 (Tenn. Ct. App. 2008) (citing ***Mercer v. Vanderbilt Univ., Inc.***, 134 S.W.3d 121, 131 (Tenn. 2004)).

In this case, however, we are not confronted with the trial court's decision to **deny** Mother's request for Rule 60.02 relief, but rather with its decision to **dismiss** her Motion and refuse to allow a hearing. According to Mother, the trial court "apparently acting *sua sponte*, requested that the parties appear for a conference in chambers." Mother further asserts that there is no indication in the record that the trial court considered Mother's proffered new evidence. Instead, Mother asserts that the trial court simply dismissed her Rule 60.02 Motion on the basis that her marriage to Father was void.

The record in this case contains a Statement of the Evidence pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure. Neither Father nor the trial court objected to the Statement of Evidence offered by Mother. Accordingly, the Statement "shall be deemed approved" pursuant to Rule 24(f) of the Tennessee Rules of Appellate Procedure. With regard to the conference subsequent to the filing of Mother's Rule 60.02 Motion, the Statement recounts:

> 14. At the request of the Shelby County Chancery Court, the parties participated in a conference with the Court on September 19, 2012. To the best of Mother's knowledge and recollection, the conference was conducted in chambers and neither party was able to employ the services of a court reporter to transcribe the events taking place in chambers.
> 15. During the conference, the Court informed the parties it would dismiss Father's Petition for Annulment and Mother's Counter-Complaint for Divorce because the Court previously ordered that the marriage between Mother and Father was null and void in the Order on Father's Motion to Dismiss Mother's Complaint for Divorce and Set Aside Marriage Contract, entered with the Court on October 26, 2011.
> 17. Mother's counsel attempted to introduce the document to the Court in chambers but the Court refused to entertain the document.
> 18. To the best of Mother's recollection and knowledge, Mother's counsel asserted that the certified document from the Chilean government constituted the basis for her Motion to Set Aside the Marriage Contract Pursuant to T.R.C.P. 60.02(4) and (5), but the Court denied Mother's attempts.

Despite his failure to object to the Statement of Evidence, Father now disagrees with Mother's interpretation of the events in the trial court. Specifically, Father argues that the trial court did consider the new evidence and that any indication otherwise is due to Father's

"trial counsel's order writing skills," which "may be lacking." Accordingly, Father would have us disregard both the approved Statement of the Evidence and the plain language in trial court's order that: (1) specifically denied Mother the right to a hearing on Mother's Motion; and (2) dismisses Mother's Rule 60.02 Motion without any indication that the trial court reviewed Mother's proffered evidence. Further, the trial court's order fails to indicate what procedure or basis the trial court utilized to dismiss Mother's Motion other than the trial court's previous ruling declaring that the parties' marriage was void. This we cannot do.

It is axiomatic that the trial court speaks through its orders. ***Morgan Keegan & Co., Inc. v. Smythe***, 401 S.W.3d 595, 608 (Tenn. 2013) (citing ***In re Adoption of E.N.R.***, 42 S.W.3d 26, 31 (Tenn. 2001)). "Like other written instruments, orders and judgments should be interpreted and enforced according to their plain meaning." ***Smythe***, 401 S.W.3d at 608 (citing ***Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.***, 249 S.W.3d 346, 359 (Tenn. 2008)). The trial court's order in this case clearly denied Mother a hearing on her Motion to Set Aside and dismisses her Motion, despite the fact that Father had not filed any Motion to Dismiss or Motion for Involuntary Dismissal in response for Mother's Rule 60.02 Motion. Further, there is no mention of the trial court's consideration of Mother's newly presented evidence or as to whether the requirements of Rule 60.02 have been met. In addition, Mother's Statement of the Evidence clearly states that the trial court "refused to entertain" Mother's purported evidence regarding her alleged marriage in Chile and dismissed Mother's Motion solely on the basis of the trial court's previous ruling that the marriage was void. To dismiss Mother's petition without first considering whether her Rule 60.02 Motion met the grounds for relief pursuant to Rule 60.02, and without stating either the procedure utilized to dismiss the case or the grounds for the dismissal, was in error. *See generally* Lawrence A. Pivnick, Tennessee Circuit Court Practice § 28:8 (2012–13 ed.) ("[T]he first duty of the court is to determine if the motion for relief is legally sufficient.").

In this case it is entirely unclear what procedure the trial court used to dismiss Mother's Rule 60.02 Motion, be it for failure to state a claim upon which relief can be granted or pursuant to the trial court's authority to grant an involuntary dismissal. We will consider each procedure in turn.

First, we consider a Motion to Dismiss for failure to state claim upon which relief can be granted. As explained by our Supreme Court:

> A Rule 12.02(6) . . . motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that

such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. ***Cook v. Spinnaker's of Rivergate, Inc.***, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions de novo with no presumption of correctness.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). Trial courts do, in fact, have the power to dismiss actions *sua sponte* for failure to state a claim upon which relief could be granted. ***Reid v. Power,*** No. E2012-02480-COA-R3-CV, 2013 WL 3282916, at *3 (Tenn. Ct. App. June 26, 2013) (perm. app. pending). That power, however, is limited. Our Supreme Court has stated:

> On behalf of appellants it is insisted that the trial court had no authority, under the Tennessee Rules of Civil Procedure, to dismiss the complaints *sua sponte* and in the absence of a motion to dismiss filed pursuant to Rule 12. Although there is a split of authority on this subject, we are of the opinion that the trial court does have such authority, and that when he is of the opinion that the complaint fails to state a claim upon which relief may be granted, he may dismiss it, although such practice is not to be encouraged. In considering such action, the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true.

***Huckeby v. Spangler***, 521 S.W.2d 568, 571 (Tenn.1975). If the trial court utilized this authority to dismiss Mother's petition, however, we must conclude this action was inappropriate, based on this Court's decision in ***Duncan v. Duncan***, No. 85-264-II, 1986 WL 15666 (Tenn. Ct. App. 1986) (perm. app. denied Jan. 5, 1987).

In ***Duncan***, wife filed a Rule 60.02 motion for relief from a divorce judgment, alleging that husband had fraudulently sold one of his businesses at a price far more than what husband had valued the business at during the divorce. Husband filed a Motion to Dismiss wife's Rule 60.02 motion on the basis that the motion failed to state a claim upon which relief can be granted. The trial court granted the Motion to Dismiss. ***Id.*** at *2. This

Court reversed, concluding that the trial court erred in dismissing wife's Rule 60.02 motion without allowing her an opportunity to be heard on the merits of her motion. First, the court noted that in considering a motion to dismiss, the trial court must take all allegations contained in the pleading sought to be dismissed as true. *Id.* at \*3 (citing ***Pemberton v. American Distilled Spirits Company***, 664 SW2d 690, 691 (Tenn. 1984)). The Court then explained:

> In deference to the authorities just cited [regarding the duty of the court to take all factual allegations of the non-moving party as true when faced with a motion to dismiss], this Court is constrained to give the [wife] an opportunity of proving facts in support of her motion[] which would entitle her to relief. It results that the action of the Trial Court erred in dismissing [wife]'s motion[] for failure to state a claim for which relief could be granted.

***Duncan***, 1986 WL 15666, at \*3. As noted by another court dealing with the same parties after remand, "the Supreme Court concurred in the results [in ***Duncan***], holding that a [Rule] 12.02 motion 'is an inappropriate response to a Rule 60 motion.'" ***Duncan v. Duncan***, 789 S.W.2d 557, 560 (Tenn. Ct. App.1990) (citing ***Duncan v. Duncan***, Davidson Law (Tenn. Jan. 5, 1987)).

The ***Duncan*** decision is consistent with a recent case in which the Court of Appeals concluded that it was an abuse of discretion for the trial court to deny a party's Rule 60.02 motion without allowing the party to present any proof. *See **Harper v. Harper***, No. E-2002-01259-COA-R3-CV, 2003 WL 192151 (Tenn. Ct. App. 2003). In ***Harper***, wife attempted to obtain relief from a final divorce judgment by arguing that she was unable to attend the final hearing in the cause due to being in jail. *Id.* at \*2. The trial court refused to hear any evidence and denied the motion. The trial court did allow wife to put on an offer of proof, however. According to wife's offer of proof, she had been taken to jail when she was locked out of the home where she was residing. Mother asserted that she was not arrested or found to have committed any crime, but that after she could not find a place to stay for the night in question, the police escorted her to jail because "they could not just leave her outside." Accordingly, wife asserted that she was entitled to Rule 60.02 relief. *Id.* The Court of Appeals, like the Court in ***Duncan***, took the allegations in wife's offer of proof as true, and concluded that the trial court erred in refusing to consider wife's evidence. The Court of Appeals did not determine that wife was entitled to Rule 60.02 relief, but only that the "[t]rial '[c]ourt's refusal to hear any proof related to said motion . . .' was error." *Id.* at \*4. The Court explained that:

We do not hold that [w]ife's absence is sufficient, by itself, to justify Rule 60 relief from the judgment. We hold only that [w]ife shall be given an opportunity to explain the events which occurred on the morning of trial that resulted in her being unable to be present at trial. Husband, likewise, shall be given the opportunity to offer countervailing proof.

*Id.* at \*5. Thus, the failure to allow a party to present proof to support his or her Rule 60.02 motion may be considered an abuse of discretion. *See also* Robert Banks, Jr., & June F. Entman, Tennessee Civil Procedure, § 12-3(d) (2004 ed. 2012) ("The trial court abuses its discretion if it refused to hear proof in support of a Rule 60 motion.").

The trial court in this case likewise dismissed Mother's Rule 60.02 motion without allowing Mother a hearing to present her proof in support of her motion for relief. Indeed, the trial court specifically denied Mother a hearing on her Rule 60.02 Motion and the Statement of Evidence provides that the trial court "refused to entertain" Mother's proof in the conference in chambers on September 19, 2012. Further, nothing in the record suggests that the trial court actually considered either the sufficiency or the merits of Mother's Motion before deciding to dismiss it. However, from our review of Mother's Motion, it is fully compliant with Rule 60.02: the motion states with particularity the grounds that Mother asserts support her entitlement to relief; Mother also supports her argument with evidence, that if taken as true, corroborates her claim that she was, indeed, unmarried at the time of her marriage to Father. Accordingly, based on the authority in **Duncan** and **Harper**, we conclude that if the trial court's dismissal of Mother's Motion is construed as a *sua sponte* grant of a motion to dismiss for failure to state a claim upon which relief can be granted, then the trial court erred in summarily dismissing the Rule 60.02 Motion without any indication that the trial court considered either the sufficiency or the merits of Mother's Motion.

The trial court also has inherent authority to control its docket and, therefore, has the power to, *sua sponte*, order an involuntary dismissal of a party's claim. As explained by the Tennessee Supreme Court:

Although Rule 41.02 does not expressly so provide, we are of the opinion that a trial court may under certain circumstances and upon adequate grounds therefor[e], [*s*]*ua sponte* order the involuntary dismissal of an action. However, this power must be exercised most sparingly and with great care that the right of the respective parties to a hearing shall not be denied or impaired. . . . In short, the occasions for the proper exercise of this power are considered by this Court to be few indeed.

*Harris v. Baptist Memorial Hospital*, 574 S.W.2d 730, 731 (Tenn. 1978).

Involuntary dismissals prior to proof being presented are governed by Rule 41.02 of the Tennessee Rules of Civil Procedure, which states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."[5] Thus, the Court is only authorized to order an involuntary dismissal prior to the presentation of proof when the plaintiff has failed to prosecute the action or has otherwise failed to comply with the Rules of Civil Procedure or court order. There is no indication in this case that Mother failed to prosecute her case; indeed, the trial court's conference on her Rule 60.02 occurred the day after the Rule 60.02 Motion was filed. In addition, nothing in the record, the trial court's order, or in Mother's Motion leads this Court to conclude that Mother failed to comply with any court rules or orders. Accordingly, if the trial court's dismissal of Mother's Rule 60.02 motion is construed as an involuntary dismissal pursuant to Rule 41.01(1), the dismissal was in error.

Based on the foregoing, we conclude that the trial court erred in dismissing Mother's Motion to Set Aside the trial court's previous order dismissing her divorce complaint pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court's order dismissing the Motion is, therefore, reversed. Ms. Gonzalez further argues that this Court should consider the substantive issue in this case: whether she is entitled to Rule 60.02 relief from the trial court's order dismissing her divorce complaint. As this issue was not considered and decided by the trial court, we decline to address it on appeal. *See White v. Target Corp.*, No. W2010-02372-COA-R3-CV, 2012 WL 6599814l, at *8 (Tenn. Ct. App. Dec. 18, 2012) ("Because the trial court below apparently did not address these arguments

---

[5] Rule 41.01 provides a different procedure, however, when the involuntary dismissal occurs after the presentation of plaintiff's proof. According to Rule 41.01(2):

> After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiffs evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court shall reserve ruling until all parties alleging fault against any other party have presented their respective proof-in-chief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court grants the motion for involuntary dismissal, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

Tenn. R. Civ. P. 41.01(2).

. . . , we also decline to address them on appeal.").  Instead, consideration of the sufficiency and merits of Mother's Rule 60.02 Motion are left to the discretion of the trial court on remand.

## IV. Conclusion

Based on the foregoing, we reverse the trial court's ruling and remand to the trial court for all further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are taxed to Appellee, Mauricio Gonzalez, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE